The statute (1 Rev. St., 393, § 17) declares that all real and personal estate, liable to taxation, shall be estimated and assessed by the assessors at its full and true value, as they would appraise the same in payment of a just debt due from a solvent debtor. To insure the observance by assessors of this statutory rule of assessment, and to prevent an evasion thereof, they are required to verify the assessment roll, and to make and subscribe an oath, in the form prescribed by law, in which shall be stated, among other things, that, with the exception of those cases in which the value of the real estate set down in the roll has been changed by proof produced before them, they have estimated its value "at the sums which a majority of the assessors have decided to be the full and true value thereof, and at which they would appraise the same in payment of a just debt due from a solvent debtor."
It appeared upon the return of the order to show cause in *Page 254 
this case, by the affidavit of the defendant Purdy, one of the assessors of the town of Rye, that it had been the custom, for several years, of the assessors of that town, in making the assessment roll, not to enter therein the valuation of real estate at its full value, or at the true or full value at which the assessors would appraise it in payment of a just debt due from a solvent debtor, but to insert the value at about one-third, or in some cases one-fourth the full and true value, and at one-third or one-fourth the sum at which they would appraise it in payment of a just debt from a solvent debtor, and that this was the plan or basis upon which the assessment roll of 1871 was made. The affidavit of the defendant Fowler, also one of the assessors, contains substantially the same statements, and the additional one that, in view of the practice of the assessors in other towns, in the county of Westchester no other basis of assessment could be adopted "in justice and fairness to the town of Rye." There was no contradiction of these affidavits, and the fact stands unchallenged upon the statements of the assessors themselves, that, in making their assessment, they deliberately violated the statute and their official oath for the purpose of doing "justice to the town of Rye."
The assessors made and subscribed an oath, annexed to the roll, in which they stated that, in making the assessment roll, they had estimated the value of the real estate therein at the sums which a majority of the assessors had decided was its full and true value, but they omitted to state that the valuations were those "at which they would appraise the same in payment of a just debt due to a solvent debtor." The mandamus was sought to compel them to add the omitted clause to their affidavit. They, in answer, allege that they could not truthfully swear to that statement. This answer is conclusive. Courts do not sit to compel men to take false oaths, and whatever duty the assessors may have omitted, they owe no duty to the public to commit crime, and no public exigency can require it of them. The case is directly within the principle of Howland v. Eldredge (43 N.Y., 457). *Page 255 
It is said by the counsel for the relator that, as the assessors have sworn in the affidavit attached to the roll that they estimated the real estate at what they had decided was its full and true value, they can therefore complete the statement required by the statute. We are not called upon to reconcile the conflicting affidavits of the assessors. Upon the facts now shown it is clear that they did not decide that the valuation of the real estate, set down in the assessment roll, was its true or full value. In making the assessment they intentionally inserted a valuation much less. If they decided at all what the real value was, it was merely to enable them to insert in the roll the proportion of that value which they had agreed upon as the proper basis of assessment. The entry of a sum in the roll as the value, although the assessors agreed to regard it, for the purpose of assessment, as the true value, was not in any proper or legitimate sense, under the circumstances, a decision by them that the sum inserted was the true or full value. The assent of the judgment to the conclusion reached was wanting, which is of the very essence of a judicial determination.
It is sufficient, to dispose of this case, that the fact appears without contradiction, that the basis of the assessment was such that the assessors could not truthfully swear that they had assessed the real estate at the sum "at which they would appraise the same in payment of a just debt from a solvent debtor."
The order of the General Term should be affirmed.
All concur.
Order affirmed. *Page 256