## WILLIAM YOUMANS, JR., APPELLANT, *v.* GEORGE W. SIMMONS, RESPONDENT.

*Assessor — malicious acts by — Entry of value on roll — Acts judicial, and ministerial.*

An act, judicial in its nature, does not cease to be such when it is wrongfully and maliciously done.

A false determination by assessors of the value of property at less than the sum which they knew it to be worth, is judicial. A mere determination, evidenced by no outward act, is not judicial, and its declaration ministerial, so that an action will lie for the latter, *e. g.,* for a wrongful entry of the value of property on an assessment roll; for a mere mental opinion not announced is no determination, it is the formal announcement which is the judicial act.

APPEAL by the plaintiff from a judgment entered on the decision of the justice, on a trial without a jury, dismissing the complaint with costs.

The action was for damages for fraudulently, wickedly, willfully and maliciously assessing real estate by the board of assessors of the town of Kortright, Delaware county, under the direction and procurement of the defendant (one of the assessors), at one-third of its value; and with like fraudulent, wicked and malicious intent omitting and refusing to assess $470,000 of personal property, all in order to oppress, cheat and defraud the plaintiff, and to compel him to pay more than his proportion of taxes. It is also alleged that the plaintiff applied to the board of assessors for relief, but they declined, and that the taxes were collected and plaintiff had sustained $1,000 damages, for which he demanded judgment.

*D. D. Niles,* for the appellant.

*Gleason & Murray,* for the respondent.

LEARNED, P. J. :

The plaintiff's counsel on the argument of this appeal admitted two points : First, that the action of the assessors in determining the value of real and personal property is judicial ; secondly, that for a judicial act, even when maliciously done, an action does not lie.

There remains the question, whether the act of the assessors in entering upon the assessment roll the value of such real and per-

sonal property, after they have determined the same, is ministe-rial, and can be so separated from the act of determination that an action will lie for a wrongful entry.

No one can doubt that the defendant in this case grossly violated his duty. And unfortunately the same kind of violation of duty is the general practice throughout the State. And the blame for this rests as much on the people who are assessed, as on the assessors themselves.

The statute (1 R. S., [m. p.] 390, § 9), requires the assessors to prepare a roll in one column of which they are to set down " the full value of such land ; " in another " the full value of all the tax-able personal property " etc. Section 17 (m. p. 393), directs that : "All real and personal estate liable to taxation shall be esti-mated and assessed by the assessors at its full and true value, as they would appraise the same in payment of a just debt due from a sol-vent debtor."

Now the plaintiff claims that the act of estimating and assessing is one thing, admitted to be judicial ; while the act of entering in the roll is another, claimed to be ministerial. But it is difficult to see what judicial act takes place until the final entry of value in the roll and its completion. Prior to that every thing is incomplete, liable within certain restrictions to be modified. (Sec. 20, etc.)

Several cases are cited by the plaintiff which need to be exam-ined. In *Christopher* v. *Van Liew* (57 Barb., 17), a justice of the peace, in a case tried before him, " adjudged and determined " that the plaintiff was entitled to judgment against the defendant. By mistake he entered in his docket a judgment for the defendant against the plaintiff. Subsequently, knowing this error, he gave the defendant therein a transcript, and the plaintiff in that action was compelled to pay. He thereupon sued the justice and was allowed to recover. But it must be noticed that the court, in their opinion, say : " He had reduced his judgment to form by his official act, and then made the mistake." So that the court assumed that there had been something more than a mental act. Further, the court say that it is probably unnecessary to hold that the action could be maintained upon the carelessness ; because it would lie upon a promise made by the justice. Thus nothing was decided which touches the question in the present case.

*Hall* v. *Tuttle* (6 Hill, 38), was a case where a justice of the peace had failed to enter the verdict of a jury. In that case the judicial act was done by the jury; and it only remained for the justice to do the ministerial act of entering the judgment.

So in *Stephens* v. *Santee* (49 N. Y., 35), there was a verdict of a jury; and the court held that, after that, the entry by the justice was ministerial. But this qualifying remark is made: that in the exercise of judicial functions the case is different; that when the case is tried by a·justice without a jury he is judicially to determine the amount of recovery, and must do this and make an entry within the time fixed by statute.

In the case of *People* v. *Jefferds* (2 Hun, 149; or more fully, 4 N. Y. S. C., 398), commissioners had determined to lay out a highway; they had thereupon applied to the County Court for the appointment of commissioners to assess the damages; such commissioners had been appointed and acted. It appeared, however, that the commissioners of highways had neglected to make and file the certificate of this decision. They were required to do so by mandamus. Now in that case there appeared to be not only their mental determination, but, further, the decisive action thereon of applying to the County Court for the appointment of commissioners of assessment. So that the determination of the commissioners must have been stated in writing and produced to the County Court as the basis of its action; and that court must have acted thereon. Very properly, therefore, the mere certificate was held to be ministerial; for, in another form, their determination had been declared, and had been made authoritative by the County Court.

In the case of *People* v. *Fowler* (55 N. Y., 252) the point decided was, that courts do not sit to compel men to take false oaths; and the court refused to compel assessors to make the statutory affidavit, on its appearing that they could not do this truthfully. In the opinion in that case it is said: " The entry of a sum in the roll as the value, although the assessors agreed to regard it, for the purpose of assessment, as the true value, was not, in any proper or legitimate sense, a decision by them that the sum inserted was the true or full value. The assent of the judgment to the conclusion reached was wanting; which is of the very essence of a judicial

determination." I understand these remarks to indicate the reason why the making of an affidavit could not be compelled. But I do not understand by them, that an act which is judicial in its nature ceases to be such when it is wrongfully and maliciously done. (*Weaver* v. *Devendorf,* 3 Denio, 117; *Buff. and State L.* v. *Supervisors,* 48 N. Y., 93.) Under that doctrine, admitted by the plaintiff's counsel, if the assessors knowingly and falsely determined the value at less than the sum which they knew it was worth, still, I think that this was a judicial determination. Just as if a jury, under the influence of improper motives, were to give a decision contrary to what they knew to be just, still their act would be judicial. The act does not cease to be judicial because improper motives have been permitted to have an influence.

I cannot see, therefore, that we can say that there is any other judicial determination made by the assessors, than that which consisted in making and signing the roll. And in none of the cases cited by the plaintiff has a mere mental determination, evidenced by no outward act, been considered as judicial; while the formal declaration thereof has been considered ministerial. A mere mental opinion, not announced, is no determination. It is the formal announcement which is the judicial act. I do not think, therefore, that the distinction which the plaintiff claims can stand; and while I fully appreciate the great wrong and violation of duty done by these assessors, I do not think that it can be remedied in this way.

There is another objection to the plaintiff's right of action which I suggest, without passing upon it, and that is the well known doctrine of *Roosevelt* v. *Draper* (23 N. Y., 318), and other similar cases. The defendant's alleged wrongful act injured every tax-payer in the State in the same manner, although not to the same extent, that it injured the plaintiff. If he can recover, so may every tax-payer in a similar action. He seems to have no "individual interest distinct from that which belongs to every" tax-payer.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed, with costs.