### PEOPLE ex rel. GIBBONS v. COLER.

(Supreme Court, Appellate Division, Second Department. June 27, 1899.)

1. GREATER NEW YORK—CONTRACTS—CERTIFICATE OF COMPTROLLER—MANDA-
MUS.

> Greater New York Charter, § 149, providing for the certificate of the city comptroller that means are provided for payments under a contract with the city, does not entitle a contractor to a peremptory writ of mandamus to compel the comptroller to issue such certificate where there are no funds to apply on the contract, though there had previously been funds that should have been kept for such purpose.

2. PEREMPTORY MANDAMUS—AFFIDAVIT OF RESPONDENT—PRESUMPTIONS.

> On an application for peremptory writ of mandamus, the allegations of respondent's affidavit, whether by way of denial or affirmation, must be taken as true.

Appeal from special term, Kings county.

Application for peremptory writ of mandamus, on the relation of Richard Gibbons, against Bird S. Coler, as comptroller of the city of New York. From a denial of the application, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Isaac M. Kapper, for appellant.

William J. Carr (R. Percy Chittenden, on the brief), for respondent.

PER CURIAM. The application is for a mandamus to the comptroller of the city of New York, commanding him to certify that there is the sum of $7,000 in the treasury of the city available and applicable to the payment of work to be done under a contract made between the relator and the officers of the late city of Brooklyn. By section 3, tit. 18, of the charter of the city of Brooklyn, it was provided that a contract should be valid and binding only when the comptroller should certify "that the means required to make the payments under such contract are provided and applicable thereto," and the Greater New York charter (section 149) contains substantially the same provision. In answer to the relator's application, the comptroller makes affidavit that he has not funds applicable to the contract sufficient to pay for the work to be done thereunder. It would be unprofitable to state the details of the respondent's affidavit, tending to show that he is without funds, or those of the relator's petition, on which is based the claim that there either is or should be sufficient money on hand to pay for the work. The main contention of the relator is that, when the contract was executed, the comptroller of the city of Brooklyn had sufficient funds, and should, therefore, have certified the contract; that the comptroller of the city of New York is, in law, the successor of the comptroller of the late city of Brooklyn,

and therefore the duty undischarged by his predecessor remains obligatory on the present comptroller. We concede the relation between the comptroller of the late city of Brooklyn and the present comptroller of the city of New York. We also concede that the comptrollership is a continuous office. People v. Comptroller, 77 N. Y. 45. The respondent is not asked to certify that at any previous time there were funds applicable to the payment of the relator's contract (a certificate of that character would be valueless), but to certify to the fact as it exists when the certificate is made. A mandamus will not lie to compel a public officer to certify to an untruth. People v. Fowler, 55 N. Y. 252. The denials contained in the affidavit of the respondent are not illusory or evasive, and the facts tending to show the truth of such denials are positively stated. The allegation of the respondent's affidavit, whether by way of denial or of affirmation of new matter, must be taken as true, on an application for a writ of peremptory mandamus. If the relator wishes to take issue on the facts, he must apply for the alternative writ.

The order appealed from should be affirmed, with $10 costs and disbursements, with leave to the relator to take an alternative writ of mandamus.