v. John Hancock Life Ins. Co. (Dist. Ct.) 30 N. Y. Supp. 216; Baumiller v. Ass'n, 9 Misc. Rep. 157, 29 N. Y. Supp. 26; Grattan v. Met. Life Ins. Co., 80 N. Y. 289, 36 Am. Rep. 617.

The case of Hicks v. British Amer. Assur. Co., 162 N. Y. 284, 56 N. E. 743, 48 L. R. A. 424, is pressed upon my attention, and is claimed to be a controlling authority in favor of defendant. I do not so understand the case. In that case the plaintiff claimed he made an oral contract to insure with the soliciting agent of defendant. No policy of insurance was made out and delivered. A fire having occurred, the plaintiff called upon the local agent for the policy and blank proofs of loss, which the agent declined to furnish, claiming that no contract to insure had been made. It was held that this did not amount to a waiver by the company of service of proofs of loss.

The essential difference between the Hicks Case and the present one is that there the plaintiff knew what company he was insured in and the failure of the local agent to deliver the policy in no manner prejudiced his rights or prevented his serving proofs of loss. The refusal of the agent to furnish and deliver blank proofs of loss was not within the line of his duty, and hence did not bind the company as a waiver of the provisions contained in the policy. The decision in the Hicks Case was placed expressly upon want of power in the local agent to make such waiver, whereas in the present case, if I am right in the views herein expressed, the acts of Baker, from which a waiver is claimed, were in the direct line of his duties as soliciting agent.

It follows that the motion for a new trial should be denied.

---

(163 App. Div. 227)

### NEW YORK STATE CONST. CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   June 12, 1914.)

1. MUNICIPAL CORPORATIONS (§ 374*)—CONTRACTS—PERFORMANCE—DELAY—DAMAGES—CITY'S LIABILITY.

Where plaintiff was awarded a contract for city construction, performed the same, and received the benefits derived therefrom, it could not recover from the city damages caused by delay resulting from the omission of the city comptroller to attach, within a reasonable time, the certificate required by Greater New York Charter (Laws 1901, c. 466) § 149, declaring that no such contract shall be binding unless the comptroller shall indorse thereon a certificate that there is a balance in the proper fund sufficient to pay the estimated expense as certified by the officer making the same.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 905, 910; Dec. Dig. § 374.*]

2. MANDAMUS (§ 102*)—OFFICERS—MINISTERIAL DUTIES—ENFORCEMENT.

The duty of a city comptroller to attach to a municipal contract a certificate that there remains unapplied and unexpended a balance of the appropriation or fund applicable to the contract sufficient to pay the estimated expense of executing it, required by Greater New York Charter (Laws 1901, c. 466) § 149, is ministerial, and if unreasonably delayed may be enforced by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 217–219, 221, 222; Dec. Dig. § 102.*]

Appeal from Trial Term, Kings County.

Action by the New York State Construction Company against the City of New York. From a judgment dismissing plaintiff's complaint, and from an order denying plaintiff's motion for a new trial, it appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Charles A. Winter, of New York City, for appellant.

William E. C. Mayer, of New York City (Terence Farley, of New York City, on the brief), for respondent.

STAPLETON, J. The trial court determined that the plaintiff failed to plead or prove a cause of action.

The object of the action is to recover, against the city of New York, damages which the plaintiff alleges it sustained, and which it says are legally recoverable because of the negligent or willful omissions of city officials to perform acts essential to make a binding obligation with the city within a reasonable time after an award to the plaintiff as the lowest bidder for public work.

The defendant proposed to extend a pier in the borough of Brooklyn. On September 12, 1907, through its commissioner of docks, it solicited bids, to be submitted September 27, 1907. On October 3, 1907, the contract was awarded to the plaintiff. The plaintiff's sureties were accepted by the comptroller on October 4, 1907. A contract in writing, by which the plaintiff agreed to do the work and the defendant agreed to pay for it, was executed by the parties on December 24, 1907. The comptroller, on February 18, 1908, and not until then, made and indorsed on the contract his certificate that of the fund provided for the sale of corporate stock and applicable to the contract there remained, unapplied and unexpended, a balance sufficient to pay the estimated expense of executing it. The department of docks and ferries, on February 24, 1908, directed the plaintiff to start the work under the contract. The plaintiff performed the work, and the defendant paid the contract price, which was $17,303. It is obvious that the omission was that of the comptroller.

The plaintiff specifies these items of damage: When it was awarded the contract, it accumulated material which it was required to store and watch; it lost interest on the money paid for the material; it lost the rental value of machines which it installed at the place of work, and which could not be used elsewhere; the nature of pier building is such, depending on wind and tide, that had it been permitted to begin the work in October instead of March, the cost of performance would have been $12,000 less.

The plaintiff asserts that these facts establish the defendant's liability, and it cites, as authority, Lynch v. Mayor, 2 App. Div. 213, 37 N. Y. Supp. 798; Pennell v. Mayor, 17 App. Div. 455, 45 N. Y. Supp. 229; Beckwith v. City of New York, 121 App. Div. 462, 106 N. Y. Supp. 175. It is unnecessary in this case to consider the extent to which the rule of law in the cases just cited has been limited or modified (Molloy v. City of New Rochelle, 198 N. Y. 402, 408, 92 N. E.

94, 30 L. R. A. (N. S.) 126; People ex rel. Lynch v. Lennon, 147 App. Div. 537, 543, 132 N. Y. Supp. 620, or to suggest that they seem to rest on cases construing a statute (chapter 308, Laws of 1861), which explicitly confirmed contracts in and to the lowest bidder with adequate security, but which statute was expressly repealed (chapter 537, Laws of 1881; People ex rel. Lunney v. Campbell, 72 N. Y. 496; volume 286, Court of Appeals Cases, Law Library in Brooklyn; People ex rel. Dowdney v. Thompson, 99 N. Y. 641, 1 N. E. 542). The provisions of law governing the actions of the city officials in relation to the transaction here involved are found in the Greater New York Charter (chapter 378, Laws of 1897, as amended by chapter 466, Laws of 1901), and read:

"Sec. 419. All contracts to be made or let for work to be done * * * shall be made by the * * * heads of departments. * * * Whenever any work is necessary to be done to complete or perfect a particular job, * * * which work and job is to be undertaken * * * for the city of New York, and the several parts of the said work * * * shall, together, involve the expenditure of more than one thousand dollars, the same shall be by contract, * * * and all contracts shall be entered into by the appropriate * * * heads of departments, and shall * * * be founded on sealed bids or proposals, made in compliance with public notices, duly advertised in the City Record, and the corporation newspapers, and said notice to be published at least ten days; if * * * the head of a department shall not deem it for the interests of the city to reject all bids, he shall, without the consent or approval of any other department or officer of the city government, award the contract to the lowest bidder, unless the board of estimate and apportionment by a three-quarter vote of the whole board, shall determine that it is for the public interest that a bid other than the lowest should be accepted; the terms of such contract shall be settled by the corporation counsel as an act of preliminary specification to the bid or proposal. The bidder whose bid is accepted shall give security for the faithful performance of his contract in the manner prescribed and required by ordinance; and the adequacy and sufficiency of this security shall, in addition to the justification and acknowledgment, be approved by the comptroller. * * * If the bidder whose bid has been accepted shall neglect or refuse to accept the contract within five days after written notice that the same has been awarded to his bid or proposal, or if he accepts but does not execute the contract and give the proper security, it shall be readvertised and relet as above provided. In case any work shall be abandoned by any contractor, it shall be readvertised and relet by the * * * head of the appropriate department in the manner in this section provided. * * * Every contract, when made and entered into, as before provided for, shall be executed in duplicate, and shall be filed in the department of finance; together with a copy of the resolution or ordinance of the board of aldermen and the local board and together with the approval of the board of estimate and apportionment wherever the same is required by the provisions of this act, or copies of both, as the case may be, authorizing said work; such copies shall be so filed within five days after the contract shall have been duly executed by the contractor. * * *

"Sec. 420. Whenever proposals for furnishing supplies or doing work are invited by advertisement by any department or officer, such department or officer is authorized and directed to require, as a condition precedent to the reception or consideration of any proposal, the deposit with such department or officer of a certified check upon one of the state or national banks of the said city, drawn to the order of the comptroller, or of money; such checks or money to accompany the proposal, to an amount not less than three nor more than five per centum of the amount of the bond required by the department or officer for the faithful performance of the work proposed to be done or

supplies to be furnished. Within three days after the decision as to whom the contract is to be awarded, the comptroller shall return all the deposits made to the persons making the same, except the deposit made by the bidder whose bid has been accepted; and if the said bidder whose bid has been accepted shall refuse or neglect, within five days after due notice that the contract has been awarded, to execute the same, or to furnish the required bond, the amount of deposit made by him shall be forfeited to and retained by the said city as liquidated damages for such neglect or refusal, and shall be paid into the sinking fund of the city, but if the said bidder shall execute the contract and furnish the required bond within the time aforesaid, the amount of his deposit shall be returned to him."

"Sec. 149.  *  *  *  No contract hereafter made, the expense of the execution of which is not by law or ordinance, in whole or in part, to be paid by assessments upon the property benefited, shall be binding or of any force, unless the comptroller shall indorse thereon his certificate that there remains unexpended and unapplied, as herein provided, a balance of the appropriation or fund applicable thereto, sufficient to pay the estimated expense of executing such contract, as certified by the officer making the same.  *  *  *  It shall be the duty of the comptroller to make such indorsement upon every such contract so presented to him, if there remains unapplied and unexpended such amount so specified by the officer making the contract, and to thereafter hold and retain such sum to pay the expense incurred until the said contract shall be fully performed. And such indorsement shall be sufficient evidence of such appropriation or fund in any action."

"Sec. 1541.  *  *  *  No expense shall be incurred by any of the departments, boards or officers thereof, unless an appropriation shall have been previously made covering such expense, nor any expense in excess of the sum appropriated in accordance with law.

"Sec. 1542.  *  *  *  No charge, claim or liability shall exist or arise against said city,  *  *  *  for any sum in excess of the amount appropriated for the several purposes."

[1] Assuming the law to be as decided in the cases upon which the plaintiff relies and which we have cited, that, according to the quoted provisions of the Greater New York Charter, where a lowest bidder has been awarded a contract by a head of a department, that award creates, between the city and the bidder, a binding contract for which the city is responsible in damages if it fail to enter into the formal contract, we are certain that this doctrine should not be projected to the extent of holding the city liable for the damages which the lowest bidder, who finally is awarded the contract and is paid for the work, sustains by the willful or inadvertent omission of the comptroller of the city to attach within a reasonable time the certificate required by section 149 of the Greater New York Charter. The plaintiff may not have his contract, enjoy its fruits, and then seek damages for the breach of an agreement to give that contract to him. If there was such a preliminary contract, it was merged in the final one. Having elected to take the latter, the plaintiff extinguished any rights it had under the former. Full performance of a contract and a breach cannot coexist. Sundstrom v. State of New York, 159 App. Div. 241, 248, 144 N. Y. Supp. 390.

[2] Furthermore, the act of the comptroller is ministerial. The duty to indorse his certificate is expressly imposed by statute. The performance of the duty is enforceable by writ of mandamus, a remedy against the delay upon which plaintiff's claim is based, and a remedy that is certain, reasonable, adequate, and exclusive. People ex

rel. Gibbons v. Coler, 41 App. Div. 463, 465, 58 N. Y. Supp. 988; People ex rel. Lynch v. Lennon, ut supra.

I advise affirmance of the judgment and order, with costs. All concur.