The PEOPLE OF THE STATE OF NEW YORK, ex rel. P. J. CARLIN CONSTRUCTION Co. and CALLAHAN KINGSLEY Co., INC., Relators, *v.* WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, Respondent.

(Supreme Court, Kings Special Term for Motions, February, 1917.)

Greater New York Charter, §§ 149, 1541 — provisions of — contracts — mandamus — when comptroller required to certify to sufficiency of available funds — awarding of contract when appropriation made before acceptance of bids valid.

Under section 149 of the Greater New York Charter, which declares that no contract made by any of the department heads shall be of any force unless the comptroller shall indorse upon

it his certificate that there is an unexpended balance of an appropriation sufficient to cover the amount of the contract and that it shall be his duty to make such indorsement if there remains unapplied and unexpended such amount, the performance of said duty, á mere ministerial act, is enforcible by mandamus.

Under said section the comptroller is required to certify to the sufficiency of available funds at the time he makes the certificate.

The provision of section 1541 of the Greater New York Charter, prohibiting the head of any department from incurring any expense until an appropriation therefor has been made, does not require that the appropriation shall be made before bids for public work are invited; that the appropriation is made before the acceptance of the bids and the awarding of the contract is sufficient.

Where bids for certain public work exceed the amount of an appropriation therefor an additional appropriation made before the bids were accepted is valid, and the comptroller should furnish the certificate required by section 149 of the city charter.

APPLICATION for a peremptory writ of mandamus.

Pressinger & Newcombe (Richard S. Newcombe and Frank L. Cunningham, of counsel), for relators.

Lamar Hardy, corporation counsel (R. Percy Chittenden and Benjamin Shapiro, of counsel), for respondent.

Edward H. Wilson, for Jacob C. Klinck, appearing by permission of the court.

CROPSEY, J. The relators apply for a peremptory writ of mandamus requiring the respondent to certify contracts made by them with the city of New York for remodeling and improving the Kings county court house. Section 149 of the charter provides that no contract made by any of the department heads shall

Supreme Court, February, 1917.          [Vol. 99.

be of any force unless the comptroller shall indorse upon it his certificate that there remains unexpended a balance of an appropriation made for the purpose sufficient to cover the amount of the contract. And that section further provides that "It shall be the duty of the comptroller to make such indorsement upon every such contract so presented to him, if there remains unapplied and unexpended such amount." The question raised is whether the certificate speaks as of the time it is made or of the time the bids are received and whether moneys are available within the meaning of this section which were not appropriated when the bids were received but which have since been appropriated.

Before any bids were invited, the sum of $600,000 was appropriated by the proper city authorities for the doing of the work. The work was divided into three classes as required by law (Laws of 1912, chap. 514; Greater N. Y. Charter, § 419), one covering the general construction including electrical work and elevators and another covering heating and ventilating and the third covering plumbing. Bids were invited and were received but they all exceeded the amount of the appropriation, the lowest ones amounting to $669,549. Thereupon all the bids were rejected and new bids were invited upon a readvertisement. The lowest of these new bids totalled $662,910. The lowest bidders for two portions of the work were the relators. Without any action being taken upon these bids the situation was presented to the board of estimate and apportionment and it by proper resolution increased the amount of the appropriation to $720,000 — the $120,000 thus added to this appropriation being transferred from an unexpended balance of another appropriation. This action was made final and effective by

virtue of the failure of the board of aldermen to act within the time required by the charter (§ 48) and by the failure of the mayor of the city to take any action thereon.  Greater N. Y. Charter, § 40.

Thereafter contracts were awarded by the borough president to the relators and to a third concern which was the lowest bidder on the other branch of the work, and still later contracts were executed by the relators and bonds filed as required by law, and still later these contracts were executed by the borough president and were transmitted to the respondent as the comptroller of the city for his certification and registration.  The comptroller has refused the certification and hence this proceeding was instituted.  His refusal is based upon the claim that as a sufficient appropriation had not been made at the time the bids were received no subsequent appropriation can be made available.

Under section 149 of the charter the act of certification required of the comptroller is ministerial.  " The duty to endorse his certificate is expressly imposed by statute.  The performance of the duty is enforcible by writ of mandamus, a remedy against the delay upon which plaintiff's claim is based, and a remedy that is certain, reasonable, adequate and exclusive." *New York State Construction Co.* v. *City of New York,* 163 App. Div. 227, 232.  See, to same effect, *Beckwith* v. *City of New York,* 121 App. Div. 462, 464.  And the comptroller is required to certify to the fact regarding the sufficiency of available funds " as it exists when the certificate is made " and not as of any other time.  *People ex rel. Gibbons* v. *Coler,* 41 App. Div. 463–465.  Section 1541 of the charter prohibits the head of any city department from incurring any expense unless an appropriation has been previously made covering such expense.  At the time the borough

president accepted the bids and executed the contracts the appropriation of $720,000 had been made and it is conceded that that amount is now available unless the court shall hold that it cannot properly be used, because it was not all appropriated before the bids were invited.

There appears to be no provision of the charter or other statute requiring that appropriations must be made before bids are invited for the doing of public work.   At least no such provision has been referred to by counsel and none has been found by the court. In the absence of such a provision there can be no question that bids could be properly invited without any previous appropriation having been made.   In fact in that way an economy might be effected for if it was not generally known what amount the city expected to expend the bids might be less in amount. Of course no bid so received could be legally accepted and no contract entered into until a sufficient appropriation had been made, as section 1541 of the charter prohibits the incurring of any expense until the appropriation is available.   But there is nothing in the law that would prohibit a proper appropriation being made after the bids were received, and nothing to prevent thereafter the acceptance of the lowest bid and the awarding of the contract.   In such a case the comptroller would be required to furnish the prescribed certificate.   If it be argued that this method might work to the disadvantage of the city the answer must be that that cannot be regulated or controlled by the courts, but such suggestion should be addressed to the legislature, for in the absence of a statutory provision such a method of inviting bids and making the appropriations would be both proper and legal.

But it is claimed that because an appropriation was

made for the work in question before bids were invited and because the bids exceed the amount so appropriated no subsequent appropriation making up the necessary amount can ever be available. In other words, the claim is that having made an appropriation and bids having been received, all of which exceed the amount of the appropriation, the bids can never be accepted even though an additional appropriation is made before such acceptance and that in such case there must be a readvertisement. There is no provision of the charter or statute which supports this contention or requires such a determination. Nor does there appear to be any sound reason why such a provision should be made. But if it be deemed wise the matter is one for legislative action and not for judicial determination. As the legislature has merely required that sufficient funds must have been appropriated before any expense is incurred and has not said that the appropriation must be made before bids are invited it is a complete compliance with the charter requirements that the appropriation shall in fact have been made before the bid is awarded or the contract made, that is, before any expense is incurred, and it matters not whether such appropriation was made wholly before the bids were invited or wholly after they were invited or partly before and partly after they were invited. As has been stated the courts have nothing to do with the wisdom of the existing provisions of the charter. They cannot legislate even if it seems to be desirable. Their duty is to uphold the law and not to make it. As no expense was incurred before a sufficient appropriation was made and as that appropriation is now available the comptroller should furnish a certificate to that effect as required by section 149 of the charter.

The comptroller claims that he has refused the certificate because of the language used in *Williams* v. *City of New York,* 118 App. Div. 756; affd., 192 N. Y. 541; and in *Clarke Co.* v. *Board of Education,* 156 App. Div. 842; affd., 215 N. Y. 646; and in *Klinck* v. *Pounds,* N. Y. L. J., Nov. 25, 1916, opinion by Pendleton, J.  It is a fact that the language used in the *Williams* case is broad enough to cover the situation that exists here and if that language was to be literally followed it would require a denial of this application.  It is, however, apparent and is conceded that the language referred to formed no necessary part of the decision and that the determination of the question here raised was not involved in that case.  In the *Williams* case the plaintiff sought to recover damages from the city caused by its refusal to execute a contract claimed to have been awarded to the plaintiff therein.  The facts briefly are these.  An appropriation of $39,000 had been made for the doing of certain work; bids were invited and the lowest of them exceeded the sum appropriated; thereupon the city department having charge of the work accepted the lowest bid " subject to the approval of the board of estimate and apportionment and the board of aldermen of the resolution requesting an additional appropriation;" the board of estimate did authorize additional appropriation but before the board of aldermen had done so (and both authorizations were essential to its validity) the city department in question notified the plaintiff that his bid was rejected, as the present amount of the appropriation was insufficient; thereafter the security deposited by the plaintiff with the comptroller was returned; later the board of aldermen did approve the additional appropriation and its action was confirmed by the mayor.  This case is authority only for the proposition that a conditional

award of a contract made without sufficient appropriation is a nullity; in other words, that an appropriation must be made before the contract is entered into. With that decision no one takes issue, but it has no bearing upon the facts in this case for here no conditional award was made and there was a sufficient appropriation available at the time the contract was made.

In the *Williams'* case it is said that the bid was invalid when made, but it has not been possible to find any basis for that statement. If bids could be invited before any appropriation had been made and then after the making of the appropriation they could be accepted, there seems to be no reason why they should be invalid when made merely because some appropriation (though an insufficient one) had been made before they were received. It may well be to the interests of the city to permit the heads of departments to hold bids which exceed the amount of the appropriation until a further appropriation can be made. It may be in the interest of economy that this should be done. But, whether or not that be so, there is nothing in the statute to prohibit it and no reason is shown for any adverse action by the court. To hold void the contracts made in this case, as the language in the *Williams* case would require, would entail loss to the contractors and possibly give rise to a right of action against the city. *Lynch* v. *City of New York,* 2 App. Div. 213; *Pennell* v. *City of New York,* 17 id. 455; *Beckwith* v. *City of New York,* 121 id. 462.

The suggestion in the *Williams* case that bidding might be curtailed when the amount of the appropriation was known before the bids were invited and the bids could not come within that amount can find no support here. There is nothing to show that the

amount of the appropriation was known to the bidders, and, even if it was known, the papers show that fourteen bids in all were submitted. Moreover each bidder must be presumed to know that under the charter· an additional sum can be appropriated after the bids are received to make the amount sufficient. In fact, the resolution of the board of estimate and apportionment of May 5, 1916, approving the plans and authorizing the advertising for bids under the $600,000 appropriation, expressly advised all bidders that in certain contingencies the amount of the estimated cost " may be reconsidered " by that board. This was the equivalent of saying that the appropriation might be increased, if the bids exceeded the amount of it. All bidders had equal knowledge and equal rights. There is no suggestion of fraud in this case. Apparently there is a reasonable and truthful explanation for the bids being so much in excess of the amount of the original appropriation, but with that we have no concern.

It should be frankly stated that if the language used in the *Williams* case formed a part of the actual decision made, this court at Special Term would probably feel obliged to follow it regardless of all else, and although it is not a part of the·actual decision it has been carefully considered as it should be because of the standing of the justice who wrote it. But after such full consideration it does seem that the language referred to is not justified by the law and that it is the duty of this court to express its own opinion upon the matters in question and to make its decision as appears to it to be proper. In *Clarke Co.* v. *Board of Education*, 156 App. Div. 842, a situation existed similar to that in the *Williams* case and the opinion was written by the same justice. The memorandum opin-

ion of Mr. Justice Pendleton in *Klinck* v. *Pounds,* N. Y. L. J., Nov. 25, 1916, recognizes that the language in the *Williams* case is merely *dictum,* but adds that the scope of that opinion requires that there must be a new advertisement for bids in the present case. He presents no argument and merely accepts the language in the *Williams* case as controlling. The same court which decided the *Williams* and *Clarke* cases allowed a recovery against the city on a contract made before the appropriation was available, where the appropriation was subsequently made. *O'Rourke Engineering Const. Co.* v. *City of New York,* 140 App. Div. 498–502.

Relators' application must be granted and a peremptory writ of mandamus must issue requiring the comptroller to furnish his certificate as required by the charter provision. The order to be entered on this decision and the writ to be issued may both be settled on notice.

Ordered accordingly.