OPINION OF THE COURT
J. Raymond Amyot, J.
By this article 78 proceeding in the nature of mandamus the clerk of the Montgomery County Board of Supervisors and the Montgomery County Attorney, as petitioners, seek an order directing the respondents Verde and Sorbero as assessors of the Town of Amsterdam, Montgomery County, to verify the tentative assessment roll, adjusted by the board of assessment review, as the completed assessment roll of the Town of Amsterdam for the year 1983.
The verified petition alleges that James Wallin, Robert Wellman and Ralph Gaetano, assessors of the Town of Amsterdam, prepared a tentative assessment roll for the year 1983; that on or about June 1,1982 that roll was filed in the office of the town clerk; that on May 20, 1982 the respondents Verde and Sorbero were appointed assessors of the town to fill vacancies created by the resignation of Ralph Gaetano, effective May 5, 1982, and Robert Well-man, whose resignation was effective June 1, 1982; that notice of the filing of the tentative assessment roll was *1094 published and posted as required by law and that the roll remained on file in the office of the town clerk, available for public inspection and examination, after which the board of assessment review heard complaints in relation to assessments on that roll and made such changes in the roll as were appropriate. It is further alleged that the roll, as corrected by the board of assessment review, was verified by the respondent James Wallin, who still serves as assessor of the town, but that the respondents, Verde and Sorbero, refused to verify the adjusted roll.
The respondents have filed no answer or contradictory affidavits in response to the petition, but on the return of the motion an unsworn narrative statement by the respondents Verde and Sorbero was submitted in opposition to the petition and the respondents Verde and Sorbero, who appeared pro se, were heard on oral argument.[1] No objection to this procedure was raised by the petitioners, nor is it now claimed that they were or are in default in pleading.
Section 514 of the Real Property Tax Law provided:[2] “When the assessment roll has been corrected after the hearing and determination of all complaints as provided in section five hundred twelve of this chapter, the assessors, or a majority of them, shall severally appear before any officer of the county authorized by law to administer oaths and shall severally make and subscribe before such officer an oath in the following form: ‘We, the undersigned, do severally depose and swear that, to the best of our knowledge and belief, we have set forth in the foregoing assessment roll all the real property situated in the assessing unit in which we are assessors and, with the exception of changes made by a board of review and special franchises assessed by the state board, we have estimated the value of such real property at the sums which we have decided to be the full value thereof,’ which oath shall be set forth on such roll and signed and verified by the assessors.”
*1095 The respondents Verde and Sorbero on their oral argument and in the narrative statement submitted contend that they cannot “in good conscience” verify the tentative assessment roll because it was not prepared or approved by them, nor was it prepared by their predecessors Wallin, Wellman or Gaetano, but rather, they allege, it was prepared by a consulting firm hired by the county for the purpose of county-wide re-evaluation.
No reply to those allegations has been filed by the petitioners, nor have they been denied by affidavits or on oral argument.
The verification sought by the petitioners would require the respondents Verde and Sorbero to swear under oath that, with the exception of changes made by the board of review and assessments made by the State board, the value of the real property set forth in the tentative roll was estimated by them at sums which they decided to be the full value thereof. Obviously, they cannot so swear. Under other circumstance, once the roll had been corrected by the board of review, execution of such an affidavit by the assessors who actually participated in ascertaining the facts and in the preparation of the tentative roll might be only a ministerial act and as such, compliance with the requirement of verification could be enforced by the court in an article 78 proceeding. The situation here, however, is far different and “mandamus will not lie to compel a public officer to certify to an untruth.” (People ex rel. Gibbons v Coler, 41 App Div 463, 465.) As was said by the Court of Appeals in 1873, when considering the sufficiency of an affidavit filed by town assessors, “[C]ourts do not sit to compel men to take false oaths, and whatever duty the assessors may have omitted, they owe no duty to the public to commit crime, and no public exigency can require it of them.” (People ex rel. Board of Supervisors of Westchester County v Fowler, 55 NY 252, 254.) That assessors should not be compelled by a court to make affidavits contrary to their knowledge and belief of the actual fact was made clear in Matter of Howland v Eldredge (43 NY 457). To do so would impose upon them by coercion moral if not legal guilt of perjury. (See, also, People ex rel. Congress Hall v Ouderkirk, 120 App Div 650, 654.) The factual situation *1096 presented does not warrant relief sought by way of mandamus.
The proceeding should be dismissed.

. A postargument memorandum of law was submitted by attorneys Feit & Schlenker for the respondent Sorbero, but no attorneys have otherwise appeared for or participated on behalf of the respondents.

. Effective January 1, 1983 the verification required by this section confirms only that the assessment roll conforms in all respects to the tentative roll with the exception of changes made by the board of assessment review and assessments made by the State Board of Equalization and Assessment.