OPINION OF THE COURT
Dan Lamont, J.
*514 Petitioner brings this CPLR article 78 proceeding seeking to review and vacate respondent Hevesi’s determination that petitioner is not a responsible bidder and respondent Hevesi’s refusal to approve and file New York State Thruway New Facilities, Maintenance Building Garage Storage Buildings, State Police Building and Toll Facilities in the New York Division of the New York State Thruway in Orange County Contract with petitioner, upon the ground that such determination is beyond his legal authority; is affected by an error of law; and is arbitrary, capricious and an abuse of discretion. Respondents have filed an answer in opposition.
Background
On or about November 24, 2004, the New York State Thruway Authority (Thruway) opened sealed bids for the public improvement contract at issue in this proceeding. Petitioner’s bid was more than $2 million less than the second lowest bidder. The agreement for the contract as provided to all bidders indicated that the contract “shall not be valid, effective or binding” “until it has been approved by the State Comptroller and filed in his office” — a practice which has been in effect for more than 55 years. By letter dated November 30, 2004, the Thruway informed petitioner that it was the apparent low bidder on the contract, and required the execution and return of the contract agreement and bonds — together with the provision of certain other documentation.
As required by the Thruway, petitioner submitted a New York State Uniform Contracting Questionnaire identifying Joseph Pontoriero as president/treasurer and William S. Dizenzo as vice-president/secretary of petitioner — which officers own 100% of the petitioner corporation’s shares. Petitioner disclosed that petitioner’s principals were currently under investigation by the United States Attorney’s Office for the District of Connecticut and that it had settled a prevailing wage lawsuit based upon charges that one of its subcontractors had failed to pay prevailing wages on a contract. The federal investigation in Connecticut involves allegations of bribery and municipal corruption involving Pontoriero and the former Mayor of Waterbury, Phil Giordano.
By letter dated May 11, 2005, the Thruway determined that petitioner was the lowest responsible bidder and awarded the contract to petitioner, with the incorporation of a monitoring agreement into the contract. On June 8, 2005, the Thruway *515 forwarded the contract to the Comptroller for approval of the award. Comptroller Hevesi undertook a de novo review of petitioner’s responsibility. On October 19, 2005, representatives of the Comptroller met with representatives of petitioner to determine whether petitioner has the requisite responsibility to perform the contract. On November 9, 2005, Comptroller Hevesi issued a vendor responsibility determination declaring that petitioner is not a responsible vendor and that the Comptroller would not approve and file the contract.
The Law
Public Authorities Law § 362, in pertinent part, states: “At the request of the authority, engineering and legal services for such authority shall be performed by forces or officers of the department of transportation and the department of law respectively, and all other state officers, departments, hoards, divisions and commissions shall render services within their respective functions” (emphasis supplied).
On June 5, 1950, acting pursuant to Public Authorities Law § 362, the Thruway adopted Resolution No. 19, which provided, in part:
“RESOLVED, that pursuant to the provisions of Section 362 of Chapter 143 of the Laws of 1950, the Comptroller of the State of New York be, and hereby is, requested to audit the funds of the Authority in the same manner as funds of a regular State agency are audited” (emphasis added).
Article X, § 5 of the New York State Constitution provides, in part: “The accounts of every such public corporation heretofore or hereafter created shall be subject to the supervision of the state comptroller.”
Article V § 1 of the New York State Constitution, with respect to the State and its political subdivisions, provides:
“The comptroller shall be required: (1) to audit all vouchers before payment and all official accounts; (2) to audit the accrual and collection of all revenues and receipts; (3) to prescribe such methods of accounting as are necessary for the performance of the foregoing duties. The payment of any money of the state, or of any money under its control, or the refund of any money paid to the state, except upon audit by the comptroller, shall be void, and may be restrained upon the suit of any taxpayer with the *516 consent of the supreme court in appellate division on notice to the attorney-general. In such respect the legislature shall define the powers and duties and may also assign to him or her: (1) supervision of the accounts of any political subdivision of the state; . . . The legislature shall assign to him or her no administrative duties, excepting such as may be incidental to the performance of these functions, any other provision of this constitution to the contrary notwithstanding.”
Discussion
Petitioner contends that the sole issue before the court in this CPLR article 78 proceeding is whether respondent Comptroller has proceeded, is proceeding, or is about to proceed without or in excess of his jurisdiction (see, CPLR 7803 [2]) by nullifying a contract already executed by petitioner and the respondent Thruway. Notwithstanding the practice of the Comptroller reviewing and approving contracts entered into by the Thruway for more than 55 years, petitioner contends that the Comptroller has no such power and that the Thruway cannot grant the Comptroller such power. Specifically, petitioner contends that article V, § 1 of the New York State Constitution limits the Comptroller’s powers to auditing under a strict interpretation of the word “audit.” Respondents contend that article X, § 5 of the New York State Constitution, in conjunction with Public Authorities Law § 362 and respondent Thruway’s Resolution No. 19, provide the Comptroller with the discretionary authority to review the Thruway’s contracts.
Indisputably, the Thruway is a public benefit corporation which was designed to enjoy a separate existence from the State. Petitioner asserts that the Court of Appeals in Matter of New York Pub. Interest Research Group v New York State Thruway Auth. (77 NY2d 86 [1990]) described the Comptroller’s function as limited to holding the Thruway’s funds and examining its books and accounts. In New York Pub. Interest Research Group (supra), the Court of Appeals stated:
“In respect to public corporations, however, we noted [in Patterson v Carey, 41 NY2d 714 (1977)] that although article X, § 5, which concerns public corporations, provides that every public corporation shall be subject to the supervision of the Comptroller, the Comptroller’s authority to supervise the accounts of public corporations was entirely discretion *517 ary” (at 89-90).
This court holds and determines that the Court of Appeals in New York Pub. Interest Research Group did not limit the Comptroller’s functions with respect to the Thruway, but rather provided the Comptroller with the discretion as to whether or not to act — in that case specifically, whether or not to review and report on a proposed Thruway toll increase.
This court rejects petitioner’s assertion that article V, § 1 of the New York State Constitution limits the Comptroller to performing auditing functions and prescribing accounting methods according to petitioner’s strict interpretation and definition of “audit.” Although the provisions of the State Finance Law are not applicable to public benefit corporations, this court notes that State Finance Law § 112 (2) (a) provides that the Comptroller must approve all contracts made for or by any state agency, department, board, officer, commission, or institution whenever such contract exceeds $15,000. This court holds and determines that the contract approval provisions set forth in State Finance Law § 112 (2) (a), derived from legislation that predates the 1925 “audit” provisions of article Y, § 1 of the New York State Constitution, and the long-standing Comptroller’s contract approval power provide convincing evidence that contract approval falls within the definition and meaning of the “audit” powers provided to the Comptroller.
This court holds and determines that the Comptroller has the discretionary authority to approve Thruway contracts upon the request of the Thruway and did not act in excess of his legal authority and jurisdiction when he determined that petitioner was not a responsible bidder for the contract at issue herein. Article X, § 5 of the New York State Constitution provides that the accounts of all public corporations are subject to the Comptroller’s supervision. Public Authorities Law § 362 provides the Thruway with the authority to request the services of the Comptroller. Thruway Resolution No. 19 requested the Comptroller to audit the funds of the Thruway in the same manner as the funds of a regular state agency are audited. This court holds and determines that “the same manner as funds of a regular State agency are audited” necessarily includes the same contract approval provisions contained within State Finance Law § 112 (2) (a). Accordingly, by accepting the Thruway’s request for his services, the Comptroller has simply exercised the discretion available to him under article X, § 5 of the New York State Constitution (see, Matter of New York Pub. *518 Interest Research Group v New York State Thruway Auth., supra).
Although petitioner has limited the issue in the petition to whether the Comptroller exceeded his authority in reviewing the Thruway contract herein, this court further holds and determines that the Comptroller’s determination finding that petitioner is not a responsible bidder/vendor was rationally based upon the extensive investigation conducted by the Thruway and by the Comptroller’s office (see, Matter of Interstate Indus. Corp. v Murphy, 1 AD3d 751 [3d Dept 2003]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
Conclusion
This court holds and determines that the petition should be and the same is hereby denied and dismissed without costs.