[869 NE2d 10, 838 NYS2d 10]

In the Matter of WORTH CONSTRUCTION COMPANY, INC., Appellant, v ALAN G. HEVESI, as Comptroller of the State of New York, et al., Respondents.

Argued April 25, 2007; decided June 5, 2007

## POINTS OF COUNSEL

*Peckar & Abramson, P.C.,* New York City (*Alvin Goldstein* of counsel), for appellant. I. The Comptroller's determination of nonresponsibility must be vacated because he exceeded his constitutional jurisdiction and power. (*Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.,* 88 NY2d 56; *Parsa v State of New York,* 64 NY2d 143; *Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York,* 303 AD2d 849; *Matter of New York Pub. Interest Research Group v New York State Thruway Auth.,* 77 NY2d 86; *Patterson v Carey,* 41 NY2d 714.) II. The Thruway Authority did not and legally could not invite the Comptroller to approve or reject its contracts. (*Blue Cross & Blue Shield of Cent. N.Y. v McCall,* 218 AD2d 140, 89 NY2d 160; *Matter of Callanan Indus. v White,* 118 AD2d 167, 123 AD2d 462, 69 NY2d 601; *Salla v County of Monroe,* 64 AD2d 437, 48 NY2d 514, *cert denied sub nom. Abrams v Salla,* 446 US 909.)

*Andrew M. Cuomo, Attorney General,* Albany (*Edward Lindner, Barbara D. Underwood* and *Daniel Smirlock* of counsel), for respondents. I. The Thruway Authority has the power to make the award of its contract to Worth Construction Co., Inc. subject to the review and approval of the State Comptroller. (*Matter of 427 W. 51st St. Owners Corp. v Division of Hous. & Community Renewal,* 3 NY3d 337.) II. The court below properly dismissed the petition because the Comptroller has discretionary authority under article X, § 5 of the State Constitution to voluntarily review and approve Thruway Authority contracts. (*Matter of New York Pub. Interest Research Group v New York State Thruway Auth.,* 77 NY2d 86; *Patterson v Carey,* 41 NY2d 714; *Matter of McCall v Barrios-Paoli,* 93 NY2d 99; *Matter of Ronan v Levitt,* 73 Misc 2d 35, 42 AD2d 10, 33 NY2d 514.) III. Sentence seven of article V, § 1 of the New York Constitution, prohibiting the Legislature from assigning administrative functions to the Comptroller, has no application whatever to this case. (*Blue Cross & Blue Shield of Cent. N.Y. v McCall,* 89 NY2d 160; *Matter of New York Pub. Interest Research Group v New York State Thruway Auth.,* 77 NY2d 86.)

**OPINION OF THE COURT**

Pigott, J.

In 1950, the New York State Thruway Authority passed a resolution pursuant to Public Authorities Law § 362 requesting that the New York State Comptroller "audit the funds of the Authority in the same manner as funds of a regular State agency are audited."[1] Because one of the Comptroller's functions in auditing state agencies is the review and approval of agency contracts that exceed a sum certain (see State Finance Law § 112 [2] [a]), the Comptroller, at the Authority's request, has conducted the review and approval of Authority contracts for over 50 years. Petitioner Worth Construction Company now contests that authority and argues that by disapproving a contract entered into between Worth and the Authority, the Comptroller exceeded his power under article X, § 5 of the New York Constitution. We disagree.

I.

In November 2004, after opening sealed bids for the rehabilitation of portions of the New York State Thruway and related facilities (the Project), the Authority advised Worth that it was the apparent low bidder. Pursuant to its statutory mandate to award contracts to the "lowest responsible bidder" (Public Authorities Law § 359 [1]), the Authority thereafter conducted an investigation into Worth's "responsibility" as a contractor. During the course of that investigation, the Authority discovered that Worth purportedly had ties to organized crime and that one of Worth's principals was the target of an ongoing federal bribery and municipal corruption investigation in Connecticut.

At the conclusion of the investigation, the Authority determined that Worth was not a "responsible contractor" but nonetheless gave Worth an opportunity to contest that finding. After Worth retained an independent monitoring service to monitor its activities relative to the Project, the Authority deemed Worth the "lowest responsible bidder" and forwarded a contract for its signature. An attachment to the contract, which was incorporated by reference and submitted to Worth for review, explicitly stated that "[u]nless otherwise provided by resolution of the Authority . . . this contract shall not be valid, effective or bind-

---

**1.** Public Authorities Law § 362 provides, in pertinent part, that "[a]t the request of the authority, . . . all other state officers, departments, boards, divisions and commissions shall render services within their respective functions."

ing upon the Authority . . . until it has been approved by the State Comptroller and filed in his office."

Pursuant to these terms, the Authority forwarded the contract to the Comptroller for his review and approval. The Comptroller, conducting his own investigation of Worth's responsibility as a contractor, examined Worth's purported ties to organized crime, the ongoing bribery and municipal corruption investigation, and alleged improprieties in Worth's billing practices. The Comptroller held a meeting with Worth's principals to discuss these matters; however, the meeting heightened the Comptroller's concerns about Worth's responsibility as a contractor, and in November 2005, the Comptroller issued a "vendor responsibility determination" finding that Worth was a "non-responsible bidder" and returned the contract to the Authority unapproved. The Authority accepted the Comptroller's determination and rescinded its award of the contract to Worth.

Worth then commenced this CPLR article 78 proceeding against both the Authority and the Comptroller seeking, among other things, an order vacating the Comptroller's nonresponsible bidder determination and directing the Authority to proceed with the contract. Worth specifically argued that it was beyond the Comptroller's constitutional authority to make a determination of nonresponsibility with respect to Authority contracts. Supreme Court dismissed the petition, holding that the Comptroller had the discretionary authority under article X, § 5 of the New York Constitution to review and approve the contract at the Authority's request (see 11 Misc 3d 513, 517 [Sup Ct, Albany County 2006]). The Appellate Division affirmed, holding that nothing in the New York Constitution precludes the Comptroller from reviewing or disapproving a contract entered into by a public corporation (see 32 AD3d 629, 630 [3d Dept 2006]). Worth appeals as of right pursuant to CPLR 5601 (b) (1), asserting that the Comptroller exceeded his constitutional authority. We affirm, and hold that the Comptroller, when acting pursuant to a request by a public corporation, has the discretion under article X, § 5 to review and approve contracts executed by that entity.

## II.

Article X, § 5 of the New York Constitution directs that "[t]he accounts of every . . . public corporation . . . shall be subject to the supervision of the state comptroller." As such, the Comptrol-

ler's function with regard to public corporations is to provide "an independent oversight of [their] accounts" (*Patterson v Carey*, 41 NY2d 714, 725 [1977]). We have observed that article X, § 5 "pointedly employs the same language—'supervision of accounts'—found in article V" of the New York Constitution (*Patterson*, 41 NY2d at 724, citing 3 Rev Rec, 1938 NY Constitutional Convention, at 2262). Article V, § 1 delineates the Comptroller's account supervision responsibilities in relation to the State and its political subdivisions. There is a significant distinction between article V and article X, however. The Legislature has the express power to shape the Comptroller's powers and duties vis-à-vis the State and its political subdivisions, but no authority to circumscribe the Comptroller's powers and duties with regard to public corporations (*see Patterson*, 41 NY2d at 724). Indeed, article X grants the Comptroller the discretionary authority to supervise the accounts of public corporations, with the exercise of that authority being governed solely by individual responsibility and fidelity to one's oath of office (*see Matter of New York Pub. Interest Research Group v New York State Thruway Auth.*, 77 NY2d 86, 89-90 [1990]; *Patterson*, 41 NY2d at 724).

The extent of the Comptroller's discretionary authority concerning the "supervision of accounts" of public corporations has never before been addressed by this Court, although we have addressed the extent of the Comptroller's authority to supervise the accounts of political subdivisions (*see Matter of McCall v Barrios-Paoli*, 93 NY2d 99 [1999]). In *McCall*, we held that the language "supervision of the accounts" in article V, § 1 does not limit the Comptroller's function "to financial audits or preclude inquiry into the efficiency and effectiveness of [a political subdivision's] expenditure of State funds," and that the authority to supervise the accounts left "ample room for wider inquiry by the Comptroller" (*id*. at 106). We also noted that the objective behind article V, § 1 was to protect the "independent character of the Comptroller's audit function," a goal that was accomplished by prohibiting the Legislature from assigning to the Comptroller unrelated duties, while "permitting the assignment of supervision of the accounts of political subdivisions and administrative duties incidental thereto" (*id*. at 107 [citations omitted]).

Similarly, article X, § 5 does not preclude the Comptroller from inquiring into the "efficiency and effectiveness" of a public corporation's expenditure of its own funds where, as here,

the public corporation expressly requests the Comptroller's oversight.[2] The review and approval functions undertaken by the Comptroller in this instance were incidental to the supervision of the Authority's accounts because the contract called for the expenditure of a substantial sum of the Authority's funds. Here, the Authority deemed it prudent for the Comptroller to investigate Worth's responsibility, but retained the right to disregard the Comptroller's disapproval of the contract had it chosen to do so. Although the Comptroller was permitted to conduct some oversight concerning Worth's responsibility as a contractor, the ultimate determination in that regard rested with the Authority. Based on the foregoing, we conclude that the Comptroller had the discretionary authority to review and approve the contract and, by doing so at the request of the Authority, did not exceed his constitutional authority.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, with costs.

---

2. We express no opinion as to whether the Comptroller has the power to review and approve a corporation's contracts absent a request from the public corporation that the Comptroller perform those functions.