JAFFIE CONTRACTING CO., INC., Respondent-Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant-Respondent.

First Department, December 7, 1982

### APPEARANCES OF COUNSEL

*Fay Leoussis* of counsel (*Carolyn E. Demarest* with her on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for appellant-respondent.

*Eli Saul Cohn* of counsel (*K. Richard Marcus* with him on the brief; *McDonough Marcus Cohn & Tretter, P.C.,* attorneys), for respondent-appellant.

### OPINION OF THE COURT

SILVERMAN, J.

This is an appeal from an order of the Supreme Court, Special Term, denying defendant's motion for partial summary judgment relating to damages for alleged precommencement breach.

The action is on a public construction contract. As is quite common in such actions, the complaint (here the first amended complaint) contains three causes of action; the

first for balance due under the contract, the second for extra work under change or proceed orders for which there was no agreed price, and the third for damages for delay. We are concerned here only with the third cause of action.

Three complaints were served or attempted to be served: an original complaint served in March, 1972; an amended complaint (the first amended complaint) served in April, 1980; and a new amended complaint (hereinafter the second amended complaint) purported to be served "as of course" in October, 1981, some two weeks after defendant had moved for partial summary judgment with respect to the first amended complaint.

This second amended complaint was rejected by defendant. The second amended complaint was not properly served. Permission was required for this amendment; none had been granted. Plaintiff's motion for an inquest because of defendant's failure to answer that complaint was denied by Special Term. Although plaintiff served a notice of cross appeal from the denial of this motion, it has failed to brief the point, contenting itself merely with a statement in the conclusion of its brief that the decision of Special Term should be modified by directing defendant to answer that complaint. In the circumstances, this cross appeal must be deemed abandoned and is, therefore, dismissed.

Thus the only complaint before us is the first amended complaint.

Defendant seeks partial summary judgment dismissing the amended complaint "to the extent of $2,374,802.33 on the ground that the cause of action for breach of contract in said amount, which cause of action is included in the Amended Complaint, is without merit." Essentially defendant claims that this amount represents damages that plaintiff claims for delays prior to December 6, 1971, when work began at that site. The period of claimed delay breaks up into three parts: (a) from May 22, 1971, 45 days after plaintiff submitted its successful bid, to October 6, 1971, when the contract was awarded to plaintiff; (b) from October 6, 1971 to November 19, 1971, when the comptroller registered the contract and gave his necessary certification pursuant to section 93c-3.0 of the Administrative Code of

the City of New York of the availability of appropriated funds; and (c) November 19, 1971 to December 6, 1971, when plaintiff actually began work at the site.

In principle, we think defendant is correct. No damages for delay for breach of contract are recoverable for any period before the contract is awarded. "[T]he execution of a formal written contract after its approval by the comptroller is essential. This is the basis of the liability of the state. None of its officers may impose upon it a contractual obligation except in the manner prescribed. * * * If there is no contract there is no liability." (*Belmar Contr. Co. v State of New York,* 233 NY 189, 194.)

Similarly, delay in the comptroller's certification, if any (and indeed, it is hard to say there was any such delay here), does not give rise to liability of the city. (See *Belmar Contr. Co. v State of New York, supra; New York State Constr. Co. v City of New York,* 163 App Div 227, 232.) Further article 44 of the agreement precludes this claim. As the Court of Appeals said in *Kooleraire Serv. & Installation Corp. v Board of Educ.* (28 NY2d 101, 105): "The contract contained a condition precedent to its effective existence. Article 44 provided that the agreement should not be binding 'unless the comptroller shall indorse hereon his certificate that there remains unexpended and unapplied * * * a balance of the appropriation * * * sufficient to pay the estimated expense of executing this contract as certified by the officers making the same.' "

Liability for the last period of "delay," i.e., to December 6 when work began on the site, is again barred by the contract, which provides: "The Contractor, notwithstanding any provision to the contrary, will not hold the Board of Education or the City of New York liable in any respect by reason of the failure of the City of New York or the Board of Education to make available the entire site * * * for ninety (90) consecutive calendar days after the registration of the contract by the Comptroller of the City of New York." (Instructions to Bidders, par 17 [e].) Here the site was made available and work actually began on the site 17 days after the registration of the contract by the comptroller.

Defendant says that these items account for $2,374,802 of the claim, and therefore, that amount should be struck

from the claim. Defendant points out that the first notice of claim explicitly covered delay to December 20, 1971 (later changed to December 6, 1971) and was in this amount, and that in a memorandum of law with respect to the first amended complaint, plaintiff's attorney explicitly said that the amended complaint incorporated "the defendant's breaches of contract occurring prior to December 6, 1971 as contained in the first complaint." Plaintiff, however, now contends that the damages claimed in the first amended complaint are different from, and not duplicative of, the damages sought in the original complaint for precommencement damages. We do not find the present record clear enough to warrant a determination as to whether the amount now claimed does or does not include precommencement damages, and if so, how much. Such a determination should await a fuller exploration of the facts.

Defendant suggests that to permit recovery of $5,582,121 (the amount claimed in the third cause of action in the first amended complaint) for postcommencement delays would be an impermissible amendment of the notices of claim for the reason that reading the first and second notices of claim together, along with the concessions made in connection with the service of the first amended complaint, it is clear that $2,374,802 of the $5,582,121 claimed in the amended notice of claim represents precommencement damages. This point has not been directly briefed, and we do not think the facts are sufficiently clear on the present record for us to determine on the present motion for summary judgment the extent to which plaintiff's claim may be precluded by the notices of claim.

Finally, plaintiff has attempted in the second amended complaint to set forth a fourth cause of action for precommencement damages in the amount of $2,374,802 based on a fraud theory. We do not consider that claim because (a) that complaint is not properly before us, nor is it established that it is properly in the action, and (b) defendant's notice of motion for partial summary judgment seeks dismissal of a portion of "the cause of action for breach of contract".

The order of the Supreme Court, New York County (PRICE, J.), entered January 26, 1982 should be modified, on the law, to the extent of granting partial summary judgment dismissing any claim in the complaint for damages for breach of contract arising from any breach prior to November 19, 1971, or for damages for failure to make the site available prior to December 6, 1971, and as so modified, the order appealed from should be affirmed, without costs.

Ross, J. P., CARRO and ASCH, JJ., concur.

Order, Supreme Court, New York County, entered on January 26, 1982, unanimously modified, on the law, to the extent of granting partial summary judgment dismissing any claim in the complaint for damages for breach of contract arising from any breach prior to November 19, 1971, or for damages for failure to make the site available prior to December 6, 1971, and as so modified, the order appealed from is affirmed, without costs and without disbursements.