■ PENNY M. RAAB, Plaintiff, v TIMOTHY P. DUMBLEWSKI et al., Individually and Doing Business as S.F.T.D. SERVICE CENTERS, Respondents-Appellants, and LORI F. JACKOWSKI, Appellant-Respondent, et al., Defendants. (And Two Other Related Actions.) [641 NYS2d 455] —White, J. Appeals (1) in action No. 2 from a judgment of the Supreme Court (Best, J.), entered June 24, 1994 in Montgomery County, upon a verdict rendered in favor of plaintiff Lloyd O. Edgar, Jr. against defendant Timothy P. Dumblewski, (2) in action Nos. 1 and 2 from a judgment of said court, entered September 2, 1994 in Montgomery County, upon a verdict rendered in favor of defendant Lori F. Jackowski against plaintiff Penny M. Raab and defendant Timothy P. Dumblewski, (3) in action No. 3 from that part of an order of said court, entered October 25, 1994 in Montgomery County, which granted a motion by defendant Fireman's Insurance Company of Newark, New Jersey, for summary judgment,

and (4) in action No. 1 from an order of said court, entered November 1, 1994 in Montgomery County, which, *inter alia*, ruled that neither party was entitled to costs and disbursements in the action.

Action Nos. 1 and 2 arise out of an automobile accident involving a vehicle owned by defendant Lori F. Jackowski and operated by defendant Timothy P. Dumblewski[1] (hereinafter Dumblewski). Jackowski's automobile liability insurer, Fireman's Insurance Company of Newark, New Jersey (hereinafter Fireman's), declined to provide Dumblewski and his wife (hereinafter collectively referred to as defendants) with a defense in the aforementioned actions on the ground that Dumblewski did not have Jackowski's express or implied permission to operate her vehicle. Defendants subsequently commenced action No. 3 seeking a declaration that Fireman's was obligated to provide them with a defense and indemnification.

On the eve of trial of action Nos. 1 and 2, Jackowski sought the dismissal of the causes of action asserted against her by means of a summary judgment motion wherein she contended that she had submitted substantial evidence overcoming the statutory presumption of permissive use set forth in Vehicle and Traffic Law § 388 (1). Supreme Court, on June 1, 1994, orally denied the motion and reserved on defendants' cross motion for summary judgment in action No. 3.[2]

At the conclusion of the trial, the jury determined, *inter alia*, that Dumblewski did not have Jackowski's permission to operate her vehicle at the time of the accident. This prompted Fireman's to "renew and/or reargue" the summary judgment motion Supreme Court had denied prior to the trial. Concomitantly, defendants moved to set aside the jury's verdict on the issue of permissive use and cross-moved for partial summary judgment awarding them counsel fees incurred in the defense of action Nos. 1 and 2. Supreme Court, by order entered October 25, 1994, denied defendants' motion but granted their cross motion for counsel fees. Supreme Court also granted Fireman's motion, noting that it was not to have retroactive effect. These appeals ensued. We note that there is no indication in the record that Fireman's filed a notice of appeal, which forecloses its right to advance any arguments on this appeal (*see, Futerfas v Shultis*, 209 AD2d 761, 761-762, n; *Molinoff v Sassower*, 99 AD2d 528, 529).

---

1. For a further recitation of the facts, see *Dumblewski v ITT Hartford Ins. Group* (213 AD2d 823).

2. There is no indication in the record that Supreme Court ever decided this motion.

We shall first consider Jackowski's appeal from the judgment entered in her favor. Generally, unless the judgment does not grant full relief, a successful party is not aggrieved and has no right to appeal from a judgment in its favor (*see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 544). Further, as we do not intend to set the jury's verdict aside, Jackowski does not fall within the exception permitting a successful party to appeal from an adverse nonfinal order which, if reversed, would entitle that party to prevail on the appeal (*see,* CPLR 5501 [a] [1]). Therefore, since the reversal of Supreme Court's order denying Jackowski's motion for summary judgment would provide her with no greater relief than she now has under the final judgment, we find that she is not aggrieved and, accordingly, will dismiss her appeal.

Turning to defendants' appeal, a verdict may be successfully challenged as against the weight of the evidence only when " ' "the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). In our view, defendants did not meet this challenge since the evidence adduced at trial leads to the almost inescapable conclusion that Dumblewski did not have Jackowski's express or implied permission to operate her vehicle at the time of the accident. Thus, we shall affirm Supreme Court's denial of defendants' motion to set aside the verdict, as well as their interim motions for summary relief on the issue of permissive use.

We agree with defendants that Supreme Court should not have granted Fireman's motion to renew and/or reargue made after the completion of the trial. First, we note that this motion was not one to renew or reargue since Fireman's had not previously moved for summary judgment as evidenced by the colloquy of the parties' counsel before Supreme Court on June 1, 1994 (*see,* CPLR 2221 [a]). Moreover, as an original motion it was academic because, unless an insurer obtains a judicial determination prior to the trial of a personal injury action that the defendant-driver did not have the permission of its insured to operate the insured's vehicle, an insurer is obligated to provide a defense to the defendant-driver (*see, Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6, 10).

The last issue involves action No. 1 wherein the jury found that Dumblewski's negligence was the proximate cause of plaintiff Penny M. Raab's injuries and awarded her $3,000 in damages. It also found that Raab had assumed the risk for her

injuries and that her percentage of culpable conduct was 50%. It then proceeded to reduce Raab's damages by $1,500 predicated upon its finding that her injuries were caused by her failure to wear an available seatbelt, thereby reducing her award to zero. By order entered November 1, 1994, Supreme Court determined that neither Raab nor defendants were entitled to costs.

Taking into account that the purpose of costs is to reimburse successful parties for expenses they incur in pursuing or defending their rights (*see, Matter of Birnbaum v Birnbaum*, 157 AD2d 177, 192) and that each party prevailed on significant issues, we conclude that Supreme Court's denial of costs was not an abuse of discretion.

To summarize, our decision leaves the judgments and order entered on November 1, 1994 undisturbed and modifies the order entered on October 25, 1994 in action No. 3 by reversing the award of summary judgment to Fireman's.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the appeal of defendant Lori F. Jackowski from judgment entered September 2, 1994 is dismissed, without costs. Ordered that the judgments entered June 24, 1994 and September 2, 1994 are affirmed, without costs. Ordered that the order entered October 25, 1994 is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Fireman's Insurance Company of Newark, New Jersey, for summary judgment; said motion denied; and, as so modified, affirmed. Ordered that the order entered November 1, 1994 is affirmed, without costs.