■ In the Matter of Worth Construction Company, Inc., Appellant, v Alan G. Hevesi, as Comptroller of the State of New York, et al., Respondents. [819 NYS2d 812]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered January 26, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, review a determination of respondent Comptroller refusing to approve a construction contract.

Respondent New York Thruway Authority is a public corporation created pursuant to Public Authorities Law § 352 (1). In 1950, it adopted a resolution providing that "[respondent] Comptroller of the State of New York be, and he hereby is, requested to audit the funds of the [Thruway] Authority in the same manner as funds of a regular [s]tate agency are audited." State Finance Law § 112 (2) (a) makes clear that one of the Comptroller's functions in auditing state agencies is to approve their contracts. In 2004, the Thruway Authority determined that petitioner was the lowest responsible bidder on a construction project and awarded the project contract to it. In accordance with the Thruway Authority's continuing request for review by the Comptroller, the contract specifically provided that it would not be valid and effective until he approved it. After an independent investigation, the Comptroller declined to approve the contract based upon his finding that petitioner was

---

not a responsible vendor. Alleging that the Comptroller had exceeded his constitutional and statutory authority in reviewing and disapproving the contract, petitioner brought this CPLR article 78 proceeding seeking a judgment vacating his determination and directing the Thruway Authority to award the project to it. Supreme Court dismissed the petition, finding that the Comptroller has the authority to review the contract. Petitioner now appeals.

There is no dispute that the Comptroller's approval was an expressly agreed-upon condition precedent to the formation of this contract and, assuming that no law affirmatively precludes the Comptroller from performing that function, the failure to obtain it is a complete bar to petitioner's recovery (*see Parsa v State of New York*, 64 NY2d 143, 147 [1984]; *Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York*, 303 AD2d 849, 851 [2003]). While petitioner contends that the Comptroller's clear power to supervise the accounts of public corporations (*see* NY Const, art X, § 5), and to audit and supervise the accounts of political subdivisions of the state (*see* NY Const, art V, § 1), does not include the power to approve or disapprove a public corporation's contract, we find nothing in either article of the NY Constitution which precludes his exercise of that power.

Petitioner also challenges Supreme Court's reliance upon *Matter of New York Pub. Interest Research Group v New York State Thruway Auth.* (77 NY2d 86, 89-90 [1990]), arguing that it can be read to preclude the Comptroller's authority to review and approve the Thruway Authority's contracts. However, in our view, the Court of Appeals did not limit the Comptroller's functions with respect to the Thruway Authority, but merely made it clear that the Legislature had no power to mandate the exercise of the Comptroller's discretion to supervise the accounts of public corporations (*see id.* at 91). Thus, we agree with Supreme Court that the Comptroller has the discretionary authority to review and approve Thruway Authority contracts upon its request.

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.