■ M/A-Com, Inc. et al., Appellants, v State of New York et al., Respondents. [910 NYS2d 246]—

McCarthy, J. Appeal from an order of the Court of Claims (Collins, J.), entered September 25, 2009, which partially granted defendants' motion to partially dismiss the claim.

Claimant M/A-Com, Inc. (hereinafter claimant) entered into a master agreement with defendant State of New York for claimant to create a statewide wireless network that would facilitate better communication for public safety and public service agencies. The agreement stated that the project would begin with claimant establishing the network in two counties in western New York, referred to as the primary regional build. After the State approved of the network in that region, the State would pay claimant for the completed work and claimant would begin expanding the network throughout New York. During the initial phase, a change order was apparently issued wherein claimant agreed to update a communications system in New York City, known as the Metro 21 system, while continuing to work on the primary regional build. Claimant alleges that it has spent $15 million on the Metro 21 system.

The State terminated the contract due to alleged deficiencies within the network. Claimants commenced this action claiming, as relevant on this appeal, that the State breached the contract and was unjustly enriched by claimant's work on the Metro 21 system. Defendants moved to dismiss all of the causes of action except for breach of contract. With one exception not relevant to this appeal, the Court of Claims granted defendants' motion. Claimants appeal, limiting their argument to the court's dismissal of the unjust enrichment claim regarding work done on the Metro 21 system. We affirm.

"The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes

recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987] [citations omitted]). If, however, there is a bona fide dispute as to the existence of a contract or whether the scope of an existing contract covers the disagreement between the parties, a party will not be required to elect his or her remedies and may proceed on both quasi contract and breach of contract theories (*see Plumitallo v Hudson Atl. Land Co., LLC*, 74 AD3d 1038, 1039 [2010]; *Goldman v Simon Prop. Group, Inc.*, 58 AD3d 208, 220 [2008]; *Schwartz v Pierce*, 57 AD3d 1348, 1353 [2008], *lv denied* 12 NY3d 707 [2009]). Here, there is no dispute that a contract exists; the master agreement is included in the record and the parties acknowledge that a change order relating to work in New York City was signed by the parties' agents and approved by the Comptroller. However, as this amendment to the contract was not presented to the Court of Claims and is not included in the record, we cannot determine whether the contract covers the work on the Metro 21 system. Accordingly, under the general rule, claimants would be permitted to proceed on alternative theories at this pre-answer stage of the action (*see Foster v Kovner*, 44 AD3d 23, 29 [2007]).

The result here is different than under the general rule, however, because claimant was dealing with the State. Any contract with a state agency above a monetary threshold must be approved by the Comptroller (*see* State Finance Law § 112 [2] [a]).* If a change order that addresses the Metro 21 system was approved by the Comptroller, then claimant can proceed under a breach of contract theory and may not recover for unjust enrichment. On the other hand, if no change order addresses the Metro 21 system, and there is thus no written contract concerning that system approved by the Comptroller, then the statute bars claimant from recovering for work done on that system (*see Parsa v State of New York*, 64 NY2d 143, 147 [1984]). Unlike a private party, the State's acceptance of benefits furnished under a contract made without the proper authorization cannot "estop [the State] from challenging the validity of the contract or from denying liability pursuant to it" (*id.* at 147; *see Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York*, 303 AD2d 849, 853 [2003]; *Rosefsky v State of New York*, 205 AD2d 120, 124 [1994]). While State Finance Law § 112 does not prevent recovery under a quasi contract theory where a contract is implied-in-law to

---

* Claimant alleges that it spent $15 million on the Metro 21 system. That amount exceeds the statute's monetary threshold, which was $15,000 at the relevant time (*see* State Finance Law former § 112 [2] [a]).

restore money to its rightful owner (*see Parsa v State of New York*, 64 NY2d at 148-149; *Rosefsky v State of New York*, 205 AD2d at 123-124), claimant here is attempting to recover on a contract implied-in-fact through the parties' negotiations and course of conduct. Under such circumstances, "a contract between them may not be implied to provide 'rough justice' and fasten liability on the State when applicable statutes expressly prohibit it" (*Parsa v State of New York*, 64 NY2d at 147). Because State Finance Law § 112 bars claimants from recovering on a quasi contract theory if no contract exists, the unjust enrichment claim was properly dismissed.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.