■ PHILIP KOSOWSKY, JR., et al., Respondents-Appellants, v WILLARD MOUNTAIN, INC., et al., Appellants-Respondents. [934 NYS2d 545]—

Garry, J.

Defendant Willard Mountain, Inc. (hereinafter WMI) operates a ski and winter sports area on real property owned by plaintiffs in the Town of Easton, Washington County. In 1958, plaintiffs' predecessor in interest leased the property to WMI for a 99-year term under an agreement that, among other things, provides for rental payments computed as a percentage of WMI's sales and income, requires WMI to provide plaintiffs with an annual accounting, and prohibits assignment or subletting without plaintiffs' consent. Defendant Charles Wilson is the principal owner and president of WMI's board of directors and of defendant Willard Development, Inc. (hereinafter WDI), which operates certain concessions at the ski area. In 2008, Wilson allegedly informed plaintiffs that, for a number of years, he had been paying less than the full amount of rent due and falsifying the corporations' annual income reports to correspond with the amounts he had paid. Defendants assert that the amount paid was proper under a 1995 licensing agreement by which WDI pays WMI a percentage of its income; plaintiffs contend that defendants violated the lease prohibition against assignment by failing to disclose this agreement's existence until just before this action was filed, in February 2010.

Plaintiffs asserted seven causes of action, including breach of contract and fraud. Defendants moved to dismiss all the claims except breach of contract for failure to state a cause of action (see CPLR 3211 [a] [7]), and to partially dismiss all the claims as time-barred (see CPLR 3211 [a] [5]). Plaintiffs cross-moved for leave to file an amended complaint. Supreme Court granted defendants' motion pursuant to CPLR 3211 (a) (7) in part by dismissing the causes of action seeking an accounting and alleging unjust enrichment and breach of the implied covenant of good faith and fair dealing, determined that the claims were not partially time-barred, and granted plaintiffs' motion for leave to amend their complaint. Defendants appeal and plaintiffs cross-appeal.

Defendants first contend that Supreme Court erred in failing to dismiss the fraud claim as duplicative of the cause of action for breach of contract. Construing the pleadings liberally and

granting plaintiffs the benefit of every favorable inference, as we must (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Ullmannglass v Oneida, Ltd.*, 86 AD3d 827, 829 [2011]), we disagree. Initially, we note that there are relevant distinctions among the named parties—neither Wilson nor WDI are named parties to the lease, the breach of contract claim is not directed against Wilson and cannot be considered duplicative as to him, and the degree to which WDI is bound by the agreement's terms is disputed. Relative to WMI, as defendants assert, a misrepresentation premised directly on the same actions giving rise to a breach of contract does not give rise to a separate cause of action for fraud (*see Salvador v Uncle Sam's Auctions & Realty*, 307 AD2d 609, 611 [2003], *lv dismissed* 1 NY3d 566 [2003]; *Brumbach v Rensselaer Polytechnic Inst.*, 126 AD2d 841, 843 [1987]). Here, however, the fraud claim is not wholly duplicative of the breach of contract claim. Plaintiffs do not merely allege that defendants falsely represented their intent to pay the full amount of rent due; instead, they claim "that, after the contract was entered into, defendant[s] repeatedly misrepresented or concealed existing facts" (*Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1203 [1998]) by falsifying the annual income reports in order to deceive plaintiffs as to the true amount of rent owed and induce them to accept improperly low payments, as well as by failing to disclose the existence of the 1995 licensing agreement (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956 [1986]; *Freedman v Pearlman*, 271 AD2d 301, 304-305 [2000]). Moreover, despite the absence of a fiduciary relationship, defendants allegedly breached a duty of candor independent from their duty to perform under the contract in that they had superior knowledge unavailable to plaintiffs and knew plaintiffs were relying on the information they supplied (*see International Elecs., Inc. v Media Syndication Global, Inc.*, 2002 WL 1897661, *2, 2002 US Dist LEXIS 15200, *5-6 [SD NY 2002]; *compare Fourth Branch Assoc. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 963 [1997]). Accordingly, the conduct alleged in the fraud cause of action is sufficiently discrete from that underlying the breach of contract claim to state a separate cause of action (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d at 956; *First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 291-292 [1999]).

We further disagree with defendants' contention that the fraud claim should have been dismissed for failure to plead the required elements of justifiable reliance and special damages (*see Dube-Forman v D'Agostino*, 61 AD3d 1255, 1257 [2009]; *State of New York v Industrial Site Servs., Inc.*, 52 AD3d 1153,

1157 [2008]). In addition to alleging that defendants knowingly misrepresented material facts, plaintiffs allege that they relied upon the income figures provided by defendants in accepting the rent payments. They claim special damages, in addition to lost rent under the contract, as the alleged fraud prevented them from exercising their right to terminate the lease upon a breach of its terms and thereby deprived them of other business opportunities and of the use and enjoyment of their property.

Plaintiffs' claim against Wilson for tortious interference with contract was not, as defendants claim, subject to dismissal for failure to satisfy the "enhanced pleading standard" that applies when a plaintiff seeks to hold a corporate officer personally liable for a corporation's breach of contract (*Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 109 [2002]). In this regard, plaintiffs were required to allege that Wilson's actions "either were beyond the scope of [his] employment or, if not, were motivated by [his] personal gain, as distinguished from gain for the corporation" (*Petkanas v Kooyman*, 303 AD2d 303, 305 [2003]). The actions that plaintiffs ascribe to Wilson—that is, deliberately deceiving them by falsifying the income figures of the corporations that he controlled—cannot be construed as within the scope of his corporate responsibilities (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]). Moreover, the complaint alleges that he took these actions in bad faith for his personal pecuniary gain (*see BIB Constr. Co. v City of Poughkeepsie*, 204 AD2d 947, 948 [1994]). Accordingly, plaintiffs sufficiently stated a claim for tortious interference with contract (*compare Bradbury v Cope-Schwarz*, 20 AD3d 657, 659-660 [2005]). However, we agree with defendants that the claim for termination of the lease and surrender of the property should have been dismissed since it does not constitute a separate cause of action; by its terms, it merely demands relief for the alleged breach of contract.

Defendants next contend that Supreme Court erred in finding that they were estopped from asserting a statute of limitations defense. Under the doctrine of equitable estoppel, a defendant may not rely on the statute of limitations defense when the plaintiff was prevented from commencing a timely action by reasonable reliance on the defendant's fraud, misrepresentation or other affirmative misconduct (*see Zumpano v Quinn*, 6 NY3d 666, 673-674 [2006]; *Pulver v Dougherty*, 58 AD3d 978, 979-980 [2009]; *Cellupica v Bruce*, 48 AD3d 1020, 1021 [2008]). However, " 'equitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of [the] plaintiff's underlying

substantive cause[s] of action' " (*Robare v Fortune Brands, Inc.,* 39 AD3d 1045, 1046 [2007], *lv denied* 9 NY3d 810 [2007], quoting *Kaufman v Cohen,* 307 AD2d 113, 122 [2003]). Here, the misrepresentations that allegedly prevented plaintiffs from filing a timely action—that is, defendants' falsified annual income reports—are also the basis for their substantive claims. Accordingly, defendants were not precluded from asserting that plaintiffs' claims were partially time-barred (*see Lucas-Plaza Hous. Dev. Corp. v Corey,* 23 AD3d 217, 218 [2005]).

As to the merits of this claim, plaintiffs' cause of action for breach of contract is time-barred by the applicable six-year statute of limitations to the extent that the alleged breaches occurred before February 23, 2004 (*see* CPLR 213 [2]; *Bulova Watch Co. v Celotex Corp.,* 46 NY2d 606, 611 [1979]; *Stalis v Sugar Cr. Stores,* 295 AD2d 939, 941 [2002]). The claim against Wilson for tortious interference with contract is subject to a three-year limitations period (*see* CPLR 214 [4]; *Andrew Greenberg, Inc. v Svane, Inc.,* 36 AD3d 1094, 1099 [2007]) and is thus time-barred as to claims arising before February 23, 2007. However, no part of the fraud claim is time-barred, as plaintiffs allege that they did not discover the fraud until Wilson advised them of the falsified reports in June 2008, less than two years before this action was filed (*see* CPLR 213 [8]; *State of New York v Robin Operating Corp.,* 16 AD3d 941, 944 [2005]).

Turning to plaintiffs' contentions on their cross appeal, the unjust enrichment claim was properly dismissed as to WMI because recovery in quasi contract is precluded where, as here, there is no dispute as to the validity and enforceability of the contract governing the dispute (*see M/A-Com, Inc. v State of New York,* 78 AD3d 1293, 1293-1294 [2010]; *State of New York v Industrial Site Servs., Inc.,* 52 AD3d at 1161). As previously stated, however, the degree to which WDI was bound by the lease is in dispute. Where a disagreement exists as to "whether the scope of an existing contract covers the disagreement between the parties, a party will not be required to elect his or her remedies and may proceed on both quasi contract and breach of contract theories" (*M/A-Com, Inc. v State of New York,* 78 AD3d at 1294). Accordingly, plaintiffs should be allowed to proceed upon their unjust enrichment claim against WDI (*see Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979, 979-980 [1981], *appeal dismissed* 55 NY2d 748 [1981]; *see generally Bradkin v Leverton,* 26 NY2d 192 [1970]).

Next, plaintiffs asserted a claim against WMI and WDI for breach of the implied covenant of good faith and fair dealing. "This implied obligation encompasses any promise which a rea-

sonable person in the position of the promisee would be justified in understanding was included" in a contract and "is breached when a party to [the] contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (*Just-Irv Sales v Air-Tite Bus. Ctr.*, 237 AD2d 793, 794 [1997] [internal quotation marks and citation omitted]). Treating plaintiffs' allegations as true and granting them the benefit of every favorable inference, this cause of action states a claim, and should not have been dismissed (*see Fourth Branch Assoc. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d at 965-966; *see also Just-Irv Sales v Air-Tite Bus. Ctr.*, 237 AD2d at 794-795).

Finally, plaintiffs' cause of action seeking an accounting required "factual allegation[s] or evidence of a fiduciary relationship" between plaintiffs and defendants (*Village of Hoosick Falls v Allard*, 249 AD2d 876, 879 [1998], *lv denied* 92 NY2d 807 [1998]). As plaintiffs did not allege the existence of a confidential relationship, and no such relationship was created by the lease, this claim was properly dismissed (*see Dembeck v 220 Cent. Park S., LLC*, 33 AD3d 491, 492 [2006]; *Kastle v Steibel*, 120 AD2d 868, 869 [1986]; *Alpert v Sebo*, 269 App Div 433, 433-434 [1945]).

Peters, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted defendants' motion to dismiss the causes of action for unjust enrichment against defendant Willard Development, Inc. and breach of the implied covenant of good faith and fair dealing, and (2) denied defendants' motion to dismiss the causes of action for termination of the lease and surrender of the property, breach of contract and tortious interference with contract; said motion (1) denied as to the causes of action for unjust enrichment and breach of the implied covenant of good faith and fair dealing, and (2) granted to the extent of dismissing (a) the cause of action for termination of the lease and surrender of the property, (b) that part of the breach of contract cause of action arising prior to February 23, 2004, and (c) that part of the tortious interference with contract cause of action arising prior to February 23, 2007; and, as so modified, affirmed.