*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                    520888
_____

CHARLIE'S AT THE FAIR, LLC,
    et al.,
                    Appellants,

         v                              MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____


Calendar Date:  November 20, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.


_____


         Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (James W.
Cunningham of counsel), for appellants.

         Eric T. Schneiderman, Attorney General, Albany (Frederick
A. Brodie of counsel), for respondent.


_____


Lahtinen, J.P.

         Appeal from an order of the Court of Claims (Hard, J.),
entered June 27, 2014, which, among other things, granted
defendant's motion to dismiss the claim.

         Claimant Charlie's at the Fair, LLC, was notified by the
Department of Agriculture and Markets (hereinafter the
Department) in September 2011 that it was the successful bidder
to operate a restaurant in a facility at the Empire Expo Center,
the site of the New York State Fair, in the Town of Geddes,
Onondaga County.  Charlie's allegedly expended funds and
commenced operating the restaurant in December 2011.  The
licensing agreement specifically provided that it was not
effective until approved by the Comptroller and, in June 2012,

Charlie's learned that the Comptroller had not approved the agreement but had directed the Department to re-bid the contract because of apparent irregularities by the Department in the original bidding process. Charlie's and its two principals, claimants James Bova and Michael Kyle, commenced this claim asserting, among other things, breach of express and implied contract, negligent and fraudulent misrepresentation, equitable estoppel and defamation. Defendant made a pre-answer motion to dismiss the claim, which the Court of Claims granted. Claimants appeal.

Although the law is liberal in preserving claims challenged under CPLR 3211 (a) (7) (see e.g. Lewis v DiMaggio, 115 AD3d 1042, 1043 [2014]; Trump on the Ocean, LLC v State of New York, 79 AD3d 1325, 1326 [2010], lv dismissed and denied 17 NY3d 770 [2011]), we agree with the Court of Claims that several of claimants' causes of action fall victim to State Finance Law § 112. Where, as here, a state agency contracts for value exceeding $10,000, the contract is not enforceable until approved by the Comptroller (see State Finance Law § 112 [3]), and "[a] party contracting with [defendant] is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them" (Parsa v State of New York, 64 NY2d 143, 147 [1984]). "[A]pproval by a state agent, such as [the Department], cannot satisfy the State Finance Law § 112 (3) condition precedent of Comptroller approval" (Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York, 303 AD2d 849, 851 [2003]). "The result may seem unjust but any other rule would completely frustrate statutes designed to protect the public from governmental misconduct or improvidence" (Parsa v State of New York, 64 NY2d at 147; see Rosefsky v State of New York, 205 AD2d 120, 125 [1994]).

The claim and documents annexed thereto, including the alleged final agreement with signatures — which is not signed by the Comptroller — confirm that the agreement was not approved by the Comptroller. "The failure to obtain such approval as required by State Finance Law § 112 (3) is a complete bar to recovery based upon a breach of [the] executory contract" (Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York, 303 AD2d at 851 [citations omitted]; see Matter of Worth Constr.

Co., Inc. v Hevesi, 32 AD3d 629, 630 [2006], affd 8 NY3d 548 [2007]). As for equitable estoppel, such relief is rarely available against defendant (see e.g. Matter of Westmorland v New York State & Local Retirement Sys., 129 AD3d 1402, 1404-1405 [2015]) and, specifically with respect to State Finance Law § 112, "it is well-settled law that defendant's acceptance of benefits under a contract not properly approved 'does not estop it from challenging the validity of the contract or from denying liability pursuant to it'" (Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York, 303 AD2d at 853, quoting Parsa v State of New York, 64 NY2d at 147; see M/A-Com, Inc. v State of New York, 78 AD3d 1293, 1294 [2010]). "Claimant[s'] allegations regarding negligent or fraudulent misrepresentation by [the Department] similarly cannot circumvent the provisions of State Finance Law § 112, as the license agreement clearly apprised claimant[s] of the Comptroller approval requirement and, in any event, agents or officers of [defendant] have no power to waive these provisions" (Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York, 303 AD2d at 853).

Claimants contend that they set forth a viable cause of action for a contract implied-in-law. We cannot agree. "State Finance Law § 112 does not prevent recovery under a quasi contract theory where a contract is implied-in-law to restore money to its rightful owner" (M/A-Com, Inc. v State of New York, 73 AD3d at 1294-1295; see Parsa v State of New York, 64 NY2d at 149). Such a cause of action is premised upon "an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience [that party] ought not to retain and that belongs to another" (Parsa v State of New York, 64 NY2d at 148; see Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1263-1264 [2015]). Claimants and the Department operated for many months consistent with the (ultimately unapproved) agreement, under which claimants were provided the pertinent restaurant space by the Department. In exchange, they set up and operated their restaurant and paid a percentage of receipts to the Department. This is not a case where funds were paid by a claimant to the Department for no legitimate reason or that the Department otherwise obtained a claimant's money "through the medium of oppression, imposition, extortion, or deceit" (Parsa v State of New York, 64 NY2d at 148 [internal

quotation marks and citations omitted]; see Goel v Ramachandran, 111 AD3d 783, 790-791 [2013]; M/A-Com, Inc. v State of New York, 78 AD3d at 1294-1295; compare Torrance Constr., Inc. v Jaques, 127 AD3d at 1263-1264).

Finally, comments about claimants made by the Comptroller's Director of the Bureau of Contracts in the document disapproving the contract, which claimants contend were defamatory, are protected by absolute privilege (see Ward Telecom. & Computer Servs. v State of New York, 42 NY2d 289, 292 [1977]) and were properly dismissed (see generally Cullin v Lynch, 113 AD3d 586, 587 [2014]).

McCarthy, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court