C & L Elec., Inc. v City Univ. of N.Y. (2019 NY Slip Op 01051)





C & L Elec., Inc. v City Univ. of N.Y.


2019 NY Slip Op 01051


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-05998

[*1]C & L Electric, Inc., et al., respondents,
v
City University of New York, appellant. (Claim No. 119834)


Letitia James, Attorney General, New York, NY (Andrew D. Bing and Owen Demuth of counsel), for appellant.
Lawrence Van Dyke, Roslyn Heights, NY, for respondents.



DECISION & ORDER
In a claim to recover damages for breach of contract, the defendant appeals from an order of the Court of Claims (Richard E. Sise, J.), dated February 29, 2016. The order denied the defendant's motion for summary judgment dismissing the second amended claim.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were for summary judgment dismissing so much of the second amended claim as sought damages based on (1) delay occurring prior to September 26, 2002, and (2) extra work relating to (a) repairing damaged pull stations as set forth in paragraph 76 of the second amended claim, (b) checking door holders to the extent of $112.19 as set forth in paragraph 75 of the second amended claim, and (c) FICA taxes plus profit and overhead as set forth in paragraph 86 of the second amended claim, and substituting therefor provisions granting those branches of the defendant's motion; as so modified, the order is affirmed, without costs or disbursements.
The claimants submitted a bid to install a fire alarm system throughout four buildings on one of the defendant's campuses. The contract was awarded to the claimants as the lowest bidders on the project. The defendant terminated the contract before the work was complete on the ground that the claimants had abandoned the work. The claimants filed a second amended claim against the defendant seeking, inter alia, damages for delay attributable to the defendant, extra work not covered by the contract price, and lost profits. The defendant moved for summary judgment dismissing the second amended claim. The Court of Claims denied the motion, and the defendant appeals.
The parties' contract was subject to State Finance Law § 112(2)(a), which, at the time, provided that any contract exceeding $15,000 made by "any state agency, department, board, officer, commission, or institution . . . shall first be approved by the comptroller and filed in his or her office" "[b]efore . . . be[ing] executed or becom[ing] effective" (L 2000, ch 95, § 6; see State Finance Law § 112[4]; L 1993, ch 697, § 4). Moreover, the contract itself provided that it would "not be valid, effective or binding upon the State until it ha[d] been approved by the State Comptroller and filed in his [or her] office." In light of these provisions, the claimants may not [*2]recover damages based on delay occurring before the contract was approved by the Comptroller on September 26, 2002 (see Belmar Contr. Co. v State of New York, 233 NY 189, 194; Jaffie Contr. Co. v Board of Educ. of City of N.Y., 90 AD2d 163, 165).
Contrary to the claimants' contention, they could not avoid summary judgment dismissing their claims for damages for delay prior to approval by the Comptroller by showing that the parties had engaged in a course of conduct indicating that they would treat such damages as recoverable despite the statutory and contract bars. Employees of a state agency cannot, through words or a course of conduct, bind the State to a contract that the Comptroller has not approved (see Parsa v State of New York, 64 NY2d 143, 147; Charlie's at the Fair, LLC v State of New York, 135 AD3d 1042, 1043; M/A Com Inc. v State of New York, 78 AD3d 1293, 1294; Hamlin Beach Camping, Catering & Concessions Corp. v State of New York, 303 AD2d 849, 853). Accordingly, the Court of Claims should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the second amended claim as sought to recover damages for delay prior to September 26, 2002.
The Court of Claims also should have granted those branches of the defendant's motion which were for summary judgment dismissing so much of the second amended claim as sought damages for extra work relating to repairing damaged pull stations, checking door holders to the extent of $112.19, and FICA taxes plus profit and overhead associated with extra work, as set forth in paragraphs 76, 75, and 86 of the second amended claim, respectively. The defendant established its prima facie entitlement to such relief by demonstrating that these extra work claims were subject to notice and reporting requirements applicable to disputed work under the parties' contract, and that the claimants failed to comply with these requirements (see Tougher Indus., Inc. v Dormitory Auth. of the State of N.Y., 130 AD3d 1393, 1394; Fahs Constr. Group, Inc. v State of New York, 123 AD3d 1311, 1311-1312). In opposition, the claimants failed to raise a triable issue of fact. The claimants' contention that the defendant had actual notice of the extra work claims is without merit, as the contract provided that compliance with the notice and reporting requirements was a condition precedent to asserting a claim for extra compensation or damages for performing disputed work (see Fahs Constr. Group, Inc. v State of New York, 123 AD3d at 1312; Phoenix Signal & Elec. Corp. v New York State Thruway Auth., 90 AD3d 1394, 1396-1397; cf. G. De Vincentis & Son Constr. v City of Oneonta, 304 AD2d 1006, 1008; Matter of Niagra Frontier Transp. Auth. [Computer Sciences Corp.], 209 AD2d 1009, 1009-1010).
In addition, there is no merit to the claimants' contention that the defendant waived its right to insist on strict compliance with the notice and reporting requirements with respect to these claims by approving certain other disputed work claims notwithstanding the claimants' noncompliance. The parties' contract provides that a waiver by the defendant of either (1) a breach by a contractor of any provision or (2) its rights under the contract provision, does not constitute a waiver of any other breach of or entitlement to assert its rights under the same provision. The contract also provides that the defendant cannot be estopped from enforcing its contractual rights.
The claimants' further assertion that their noncompliance was excused by bad faith or negligent conduct on the defendant's part is unavailing, as they failed to explain how any such conduct would have prevented them from submitting the requisite notices and reporting (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 31; Fahs Constr. Group, Inc. v State of New York, 123 AD3d at 1312).
We agree with the Court of Claims' determination denying that branch of the defendant's motion which was for summary judgment dismissing so much of the second amended claim as sought lost profits on the ground of spoliation, as the defendant failed to demonstrate its prima facie entitlement to such relief (cf. Certified Elec. Contr. Corp. v City of New York [Dept. of Transp.], 23 AD3d 596).
The defendant's remaining contentions are without merit.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court