Laftavi v State of New York (2023 NY Slip Op 04760)

Laftavi v State of New York

2023 NY Slip Op 04760

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-07758

[*1]Mark Laftavi, etc., appellant,
v
State of New York, respondent. (Claim No. 134182)

Goldberg & Fliegel, LLP, New York, NY (Kenneth A. Goldberg of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino, Justin T. Kelton, and Mark Goreczny of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for breach of contract, promissory estoppel, and negligent misrepresentation, the claimant appeals from an order of the Court of Claims (Judith A. Hard, J.), dated August 14, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the claim for failure to state a cause of action.
ORDERED that the order is affirmed, with costs.
In January 2020, the claimant commenced this claim against the defendant to recover damages for breach of contract, promissory estoppel, and negligent misrepresentation. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the claim. In an order dated August 14, 2020, the Court of Claims granted the defendant's motion. The claimant appeals. We affirm.
The Court of Claims properly granted the defendant's motion to dismiss the claim. The claim, which alleged, inter alia, a breach of a purported contract in the amount of at least $350,000 per year, failed to allege that the purported contract at issue was approved by the New York State Comptroller, as required by State Finance Law § 112 as a condition precedent for contracts exceeding $50,000 (see Charlie's at the Fair, LLC v State of New York, 135 AD3d 1042, 1044; Jacobowitz v State Univ. of N.Y. Health Science Ctr. at Brooklyn, 5 AD3d 352, 352). The claim failed to allege that the purported contract was approved, either expressly or through actions undertaken by the New York State Comptroller (see State Finance Law § 112; Jacobowitz v State Univ. of N.Y. Health Science Ctr. at Brooklyn, 5 AD3d at 352). Thus, the court properly granted that branch of the defendant's motion which was to dismiss the cause of action alleging breach of contract.
Likewise, the Court of Claims properly granted those branches of the defendant's motion which were to dismiss the causes of action alleging promissory estoppel (see Chun Ho Chung v Williams Schwitzer & Assoc., P.C., 200 AD3d 514, 516) and negligent misrepresentation (see Mayer v Publishers Clearing House, 205 AD2d 506, 507).
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court